### Louis Ruhe *vs.* Josiah Burnell & another.

Suffolk.　Nov. 15, 1876. — Jan. 3, 1877.　Ames & Lord, JJ., absen .

On the issue whether A. and B. were partners, at the time of an alleged sale of goods to them, evidence of writings, executed between them after the date of the sale, and of declarations made by one partner to the other, is inadmissible.

In an action against A. and B. as copartners, an auditor's report against B. and in favor of A. was introduced in evidence. A. requested the presiding judge to instruct the jury that "the auditor's report is evidence in behalf of the defendant A.; it is entitled to the same amount of weight as a promissory note, put into a case after proof of its making and signature; it makes out a *primâ facie* case for this defendant." *Held,* that the request was properly refused.

In an action against A. and B. as copartners, the presiding judge instructed the jury that, to sustain the action against A., the plaintiff must satisfy them, either that the defendants were actually partners at the time of the sale, or that A. represented himself as the partner of B., holding himself out as such before the sale, and that the plaintiff, confiding in that representation and holding out, was induced thereby to make the sale to them as partners; that the partnership could not be proved by statements of B.; and that if they were satisfied A. and B. were partners at the date of the sale, or if there had been such representation and confidence, their verdict should be against both. *Held,* that A. had no ground of exception.

Contract against Josiah Burnell and Daniel Prescott as copartners, on an account annexed for quadrupeds, birds and fishes

sold the defendants. All the items of the account, except the last, were under date of April 15, 1874, and the last was dated May 9, 1874. The defendants filed separate answers, each containing a general denial. The case was referred to an auditor, who found against the defendant Burnell, and in favor of the defendant Prescott, on the ground that he was not a partner of Burnell at the time the articles were sold.

At the trial in the Superior Court, before *Rockwell*, J., the only question in issue was as to the liability of the defendant Prescott. The plaintiff put the auditor's report into the case, and introduced evidence tending to show that Prescott was a partner of Burnell, and had held himself out as such in April and May, 1874; and the defendant Prescott put in evidence to the contrary, and offered certain evidence, which the judge excluded, the nature of which sufficiently appears in the opinion.

The defendant Prescott requested fifty-five instructions to the jury, of which it is only necessary to state the following:

"27. The auditor's report is evidence in behalf of the defendant Prescott. It is entitled to the same amount of weight as a promissory note, put into a case after proof of its making and signature. It makes out a *primâ facie* case for this defendant."

"55. Even if Burnell and Prescott were actually partners at the time of the alleged sale, yet, if the jury are satisfied that the goods were sold to Burnell, individually, the firm was not liable."

The presiding judge declined to give the instructions requested in the form in which they were presented, except the 55th request, which was given; and the judge further instructed the jury, that, to sustain the action against Prescott, the plaintiff must satisfy the jury, the burden of proof being upon him, either that, at the time of the sale and delivery of the goods, Burnell and Prescott were actually partners, or that Prescott represented himself as a partner of Burnell, holding himself out as such, and that the plaintiff, at the time of the sale and delivery of the goods, confiding in that representation and holding out, was induced thereby to make the sale; and defined what actual partners were, in a manner not objected to; that the representation must have been made before the sale and delivery to the plaintiff, or brought to his knowledge; and that, confiding in

it, the plaintiff sold the goods to the defendants as partners that the partnership could not be proved by statements of Burnell, and, if any evidence of that kind had been heard by the jury, they must lay it wholly out of the case; and that, if the jury were satisfied that the defendants were partners on April 15, 1874, or that there was such a representation, and that the plaintiff confided in it, the verdict would be against both; otherwise, for the plaintiff against Burnell, and for Prescott against the plaintiff.

The jury rendered a verdict against both defendants, and the defendant Prescott alleged exceptions, which stated the evidence on both sides, and the prayers for instructions at length, together with the instructions given as here reported.

*J. F. Pickering*, for Prescott.

*S. B. Allen & J. D. Long*, for the plaintiff.

GRAY, C. J.    The evidence rejected consisted either of writings executed after the date of the alleged sales, or of declarations made by one of the defendants to the other, none of which were competent against the plaintiff.

The instructions given were correct and sufficient. The only point, upon which instructions were requested, which is not clearly covered by the instructions given, is that stated in the twenty-seventh request; but the attempt to vouch in the case of a promissory note (which might well be thought more likely to confuse than to assist the jury) justified the refusal of the whole of that instruction; and it is not to be assumed that the familiar rule as to the weight of an auditor's report was not brought to the attention of the jury.

The instructions requested are fifty-five in number, many of which are mere repetitions, or frivolous, or inapplicable to the case made by the pleadings. Such a mode of presenting questions of law cannot be too strongly reproved, as tending to obscure the issues at the trial, and to impose unnecessary labor upon this court.                    *Exceptions overruled.*