HERMAN KAHN CO. *v.* BOWDEN.

Opinion delivered July 23, 1906.

| 80 | 23 |
| 187 | 417 |

1. PARTNERSHIP—DEFINITION.—A partnership may be defined as the relation existing between two or more persons who have agreed to carry on a business together and to share the profits thereof as joint owners of the business. (Page 26.)

2. SAME—HOW PROVED.—While a partnership is the result of an agreement between the partners, the existence of that relation may be inferred by the jury from admissions of a party sought to be charged as a member thereof. (Page 28.)

3. SAME—INSTRUCTION.—In a case where plaintiff sought to charge a defendant with liability as member of a firm it was error to instruct the jury that such defendant could not be a member of the firm "without having money in the business," as the consideration for his

entering the firm might be his agreement to furnish his services or his credit.  (Page 29.)

4. SAME—ESTOPPEL TO DENY.—One who holds himself out as member of a firm will be estopped from showing that he is not in fact a partner, not only as to those to whom the representation is directly made, but as to all others who have knowledge of such representation and in reliance thereon sell goods to the firm.  (Page 29.)

5. TRIAL—ARGUMENT—IMPEACHMENT OF WITNESS.—A statement by appellee's counsel in argument that two of appellant's witnesses were "liars and scoundrels," being unsupported by evidence, was improper and prejudicial.  (Page 30.)

Appeal from Chicot Circuit Court; *Zachariah T. Wood,* Judge; reversed.

STATEMENT BY THE COURT.

The facts in this case are sufficiently stated in the opinion.

The court gave the following instructions at the request of plaintiff:

"1.  The jury are instructed that a person can be a partner, whether the plaintiff knew of it or not; and if the jury believe from the evidence that the defendant W. S. Jennings held himself out to be a member of the firm of A. T. Bowden & Company, that the plaintiff sold goods to said firm, and that said firm is now indebted to the plaintiff therefor, then the plaintiff is entitled to a verdict against said defendant Jennings for said indebtedness.

"2.  If the jury believe from the evidence that the defendant W. S. Jennings made statements to the plaintiff, or its agent, that he was a member of A. T. Bowden & Company, and a partner of said Bowden in said firm, and that it sold goods to said firm upon the faith of said statement, and that said firm is now indebted to said plaintiff therefor, then the jury will find for the plaintiff."

The court also gave the following instructions at the request of the defendant:

"1.  That you are instructed that the burden of proof is upon the plaintiff to show that W. S. Jennings was a partner in the business of A. T. Bowden & Company; and, before you can find that he is actually a partner, you must find that he was interested in the business, sharing in the profits and losses, and

had some money in it. He can not be a partner without having money in the business, without sharing in the profits and being responsible for the losses; and this the plaintiff must show to you by a fair preponderance of the testimony. You can not hold W. S. Jennings as a partner unless plaintiff has shown by a fair preponderance of the testimony that he owns a part of the business, shared in the profits, and must stand the losses.

"2. The court instructs the jury that, while it is true that one may hold himself out to the world as a partner by inducing third parties to believe that he owned an interest in the business, and was a partner, yet, before you can find upon this theory that W. S. Jennings was liable as a partner, you must find that he so represented himself to the Herman Kahn Company, and they relied upon his representation, and sold him the goods upon the faith of his being a partner; and the burden of proof is upon the plaintiff to show that he so held himself out, and that the goods were sold to A. T. Bowden & Company upon the faith that Jennings was a partner before he can be held, unless you believe that he actually owned an interest in the business."

To the giving of each of these instructions the plaintiff objected at the time, and, his objections being overruled, he saved his exceptions.

There was a verdict in favor of the defendants, and judgment accordingly, from which plaintiff appealed.

*Morris M. Cohn,* for appellant; *E. A. Bolton,* of counsel.

1. The language of the attorney for the defendant, used in argument to the jury concerning the plaintiff and its witnesses, was necessarily prejudicial. 70 Ark. 179; *Ib.* 305; 65 Ark. 619; 63 Ark. 174; 72 Ark. 461.

2. The first instruction for the defendant was erroneous, in that it required the jury, notwithstanding that they might believe that Jennings had admitted being a partner, to find also that he was to share in the profits and the losses, and that he put money into the business. 5 Ark. 61; 2 Ark. 346; 2 Bates, Partnership, § 1154; 2 Greenleaf, Ev. (Redfield's Ed.), § 484; Abbott, Trial, Ev. 204, 209. Jennings's statements alone were sufficient to prove his partnership.

Appellees, *pro se.*

RIDDICK, J., (after stating the facts.)  This is an action by the Herman Kahn Company, a corporation, against A. T. Bowden and W. S. Jennings, to recover the sum of $1,658.09, which the plaintiff alleges is due it for goods and merchandise sold to A. T. Bowden & Company, of Dermott, Arkansas.  Jennings filed an answer, denying that he was a member of that firm; and whether he was a partner, or had held himself out as a partner in such a way as to make himself liable for the debt due plaintiff, were the only issues presented in the trial of the case.  A number of witnesses testified that Jennings had on divers occasions stated to them that he was a member of the firm of A. T. Bowden & Company.  Some of these witnesses were agents and salesmen of plaintiff, and they testified further that, relying on those statements, the plaintiff sold to the firm the goods and merchandise for the price of which suit was brought in this case.  On the other hand, the defendants, A. T. Bowden and W. S. Jennings, both testified that Jennings was not a member of the firm, and Jennings testified that he had never at any time held himself out as such.  There is a sharp conflict between the testimony of the witnesses-for plaintiff and defendants as to the facts, and the case here turns on the question as to whether the instructions of the court properly presented the issues to the jury.

Before noticing these instructions, we will call attention to the meaning of the word "partnership," though, judging from the decisions, it would seem impracticable to give a single definition of that term that will cover all cases.  It was said in *Culley* v. *Edwards,* 44 Ark. 427, that, so far as the liability to creditors was concerned, the test of partnership was "whether the business has been carried on in behalf of the person sought to be charged as a partner, *i. e.,* did he stand in the relation of the principal towards the ostensible traders by whom the liabilities have been incurred, and under whose management the profits have been made?"  This statement of the law by Judge SMITH was an attempt to formulate into a general rule a statement of Lord Cranworth made in the celebrated case of *Cox* v. *Hickman,* 8 H. L. C. 306.  In that case a certain firm, becoming embarrassed, had under an agreement with its creditors turned over its business to trustees to be carried on, and the profits applied to the payment of the debts of these creditors.  The trustees in the

course of this business contracted an indebtedness with another person, and he sued the other creditors, claiming that, as they were to receive the profits of the business on their debts, they were liable for the debts of the business while carried on by the trustees. In repy to this argument Lord Cranworth said: "It is not strictly correct to say that his right to share in the profits makes him liable for the debts of the trade. The correct mode of stating the proposition is to say that the same thing which entitles him to the one makes him liable to the other, namely, the fact that the trade has been carried on on his behalf, *i. e.,* that he stood in the relation of principal towards the persons acting ostensibly as the traders, by whom the liabilities have been incurred, and under whose management the profits have been made." *Cox* v. *Hickman,* 8 H. L. C. 306.

Now, it will be seen that Lord Cranworth was by this language not endeavoring to lay down a general test of partnership, but to show that it was illogical and incorrect to say that the right to share in the profits of a business rendered one liable for the debts of the business, for these things do not depend on each other, but both depend upon and result from the fact of partnership. Later English and American cases have pointed out that the question of agency is not a proper test of partnership, for the reason that the agency of the different partners follows from the partnership, and not the partnership from the agency. "To say that a person is liable as a partner who stands in the relation of principal to those by whom the business is carried on, adds nothing by way of precision, for the very idea of partnership includes the relation of principal and agent." *Meehan* v. *Valentine,* 145 U. S. 611; *Pooley* v. *Driver,* 5 Ch. Div. 458; *Johnson* v. *Rothschilds,* 63 Ark. 518. But it is unnecessary to attempt a definition of partnership that will cover all cases. Sir George Jessel, M. R., in *Pooley* v. *Driver,* above cited, after quoting the definition of partnership given in the Civil Code of New York that a "partnership is the association of two or more persons for the purpose of carrying on business together and dividing its profits between them," said that this definition, though simple, was accurate as far as it went, and, as a general rule, was sufficient. We concur in this statement, and, taking a somewhat fuller definition,

we will say that, so far as this case is concerned, a partnership may be defined as the relation existing between two or more persons who have agreed to carry on a business together and to share the profits thereof as joint owners of the business. 22 Am. & Eng. Enc. Law (2 Ed.), 2; *Pooley* v. *Driver,* 5 Ch. Div. (Eng.), 458; *Meehan* v. *Valentine,* 145 U. S. 611. If W. S. Jennings and A. T. Bowden were carrying on the saloon business together as joint owners thereof with the intention to share in the profits of the business as such owners, they were partners. But it does not follow that the plaintiff must introduce evidence to show a specific agreement between these parties covering all these points before the jury can find that Jennings was a partner. For instance, it has often been held that participating in the profits of a partnership is of itself cogent proof that the person who does so is a partner, and, if unexplained, this may be conclusive proof. *Johnson* v. *Rothschilds* 62 Ark. 518; *Rector* v. *Robins,* 74 Ark. 437-442; *Pooley* v. *Driver,* 5 Ch. Div. 458-476. Now, in this case the evidence introduced by plaintiff to show that defendant was a partner consisted mainly of his own admissions and statements that he was a partner. If the jury believed from the evidence that Bowden had carried on the business at Dermott under the firm name of A. T. Bowden & Company, and that Jennings had admitted to the witnesses introduced by plaintiff that he was a member of that firm, it was within the province of the jury to conclude from that testimony alone that he was a partner; and if he was a partner, it would follow, as a matter of law, that he was liable for the debts of the firm.

Jennings did not attempt to explain the admissions testified to by plaintiff's witnesses. He simply denied that he had made them If his testimony was true, there was no partnership; while if the witnesses for plaintiff told the truth, there was strong evidence of a partnership. It was, therefore, within the province of the jury to pass on this conflicting testimony and determine whether Jennings was a partner or not. But the first instruction given by the court at request of defendant for the guidance of the jury on this point seems to be misleading, for it told the jury that, before they could find that Jennings was a partner, they must find that "he was interested in the business, sharing in the profits and losses, and had some money in the business." Now, it may

be correct to say that these things are generally true of partners; but, as we have said, it was not required that the plaintiff should prove or that the jury must find all of them, in order to believe that defendant was a partner. But this instruction was calculated to create the impression on the jury that there must be evidence tending directly to show all of these things before they could find that Jennings was a partner. As before stated, the fact that Jennings was a partner might be proved by his admissions that he was a partner, and the other matters which the instruction says must be proved would follow as a matter of law from the partnership. Again, this instruction also told the jury that Jennings could not. "be a partner without having money in the business." This was clearly incorrect, for one may engage in a business as a partner and furnish his services against the money furnished by his partner, or he might furnish the use of the building in which the business was carried on against the capital of his partner. If he was wealthy, the other members of the firm might agree to give him a share of the profits to induce him to enter the firm and lend the credit of his name to the firm without requiring him to put any money in the business. So, as before stated, this statement of the law was clearly wrong.

Again, on the second issue, as to whether if Jennings was not a partner he had acted in such a way as to estop him from denying the fact, and to make him liable for the debt of the plaintiff, there seems to us to be some conflict between the instructions given at the request of the plaintiff and those given for the defendant. For instance, the first instruction given at the request of the plaintiff told the jury that if Jennings "held himself out to be a member of the firm of A. T. Bowden & Company, and plaintiff sold goods to the firm for which the firm is now indebted to plaintiff, the plaintiff is entitled to a verdict against Jennings for that indebtedness." This is not strictly correct, for the mere fact that Jennings may have held himself out as a partner would not estop him from showing that he was not in fact a partner except as to those who knew of such holding out and in reliance thereon sold goods to the firm. *Wilson* v. *Edmonds,* 130 U. S. 472; *Fletcher* v. *Pullen,* 70 Md. 205, 14 Am. St. Rep. 355; *Ruhe* v. *Burnell,* 121 Mass. 450; 22 Am. & Eng. Enc. Law, 59.

On the other hand, the court at the request of the defendant instructed the jury that, before they could find for the plaintiff on the ground that Jennings held himself out as a partner, they must find "that he so represented himself to the Herman Kahn Company, and that it relied upon his representation and sold him the goods upon the faith of his being a partner." Now, both of these instructions, the one given for the plaintiff and the other for the defendant, must be read together. When so read, they mean, in substance, that, even though Jennings was not actually a partner, he might become liable for the debts of the firm if he held himself out as a partner; but to make him liable in this case it must be shown that he held himself out as such partner to Herman Kahn Company, the plaintiff, and that in reliance upon such representation the plaintiff sold the firm the goods for the price of which this suit is brought. But this statement of the law is too narrow. A person who holds himself out as a partner of a firm is estopped to deny such representation, not only as to those as to whom the representation was directly made, but as to all others who had knowledge of such holding out and in reliance thereon sold goods to the firm, provided they exercised due diligence in ascertaining the facts. The cases go even further, and hold that if one has knowledge that he is being held out to the world as a partner, and fails to contradict the report, he may become liable to those crediting the firm on that account. *Campbell* v. *Hastings,* 29 Ark. 513; *Fletcher* v. *Pullen,* 70 Md. 205, 14 Am. St. Rep. 355. It follows, therefore, for much stronger reasons, that, if the party himself puts out the report that he is a partner, he will be liable to all those selling goods to the firm on the faith and credit of such report. *Dickinson* v. *Valpy,* 10 B. & C. 128; *Wilson* v. *Edmonds,* 130 U. S. 472; *Thompson* v. *Toledo First National Bank,* 111 U. S. 529; *Levy* v. *Alexander,* 95 Ala. 101; *Webster* v. *Clark,* 34 Fla. 637, 43 Am. St. Rep. 217; *Ruhe* v. *Burnell,* 121 Mass. 450; *Beecher* v. *Bush,* 45 Mich. 188; *Brown* v. *Grant,* 39 Minn. 404; 22 Am. & Eng. Enc. Law (2 Ed.), 58. For the reasons stated, we think there was error in the instructions.

As the judgment must be reversed, and a new trial ordered on that account, we need not notice the point made as to argument of counsel for defendant, further than to say that we con-

cur in the ruling of the trial judge that this argument was improper. The statement of counsel made in reference to two witnesses for plaintiff as follows: "I have known Joe and Gabe Lyons for years, and two bigger liars and scoundrels never walked the face of the earth," was in effect an attempt to impeach these witnesses by the unsworn statement of counsel. It has been repeatedly held that statements of that kind by counsel in reference to facts not in evidence are improper and prejudicial. These statements would have been wrong coming from the mouth of a sworn witness, much more so from the unsworn lips of counsel. But, as they were probably made in the heat of argument, and as the circuit judge held that they were improper on objection being made, we need not notice them further here, as they will probably not be made again.

For the reasons stated the judgment is reversed, and a new trial ordered.