GERSHNER *v.* SCOTT-MAYER COMMISSION COMPANY.

Opinion delivered January 17, 1910.

1. PARTNERSHIP—HOLDING ONE'S SELF OUT AS PARTNER.—One who directly and affirmatively, either by word or act, holds himself out as a partner will be liable as a partner to those who act upon such representation until notice of some kind is given of the discontinuance of such partnership, and it is not necessary to show that the persons relying upon such representation exercised diligence to ascertain the true facts. (Page 305.)

2. SAME—ACTION AGAINST PARTNER—EVIDENCE.—In an action upon an account for goods sold to a firm, of which defendant is alleged to have held himself out as a partner, testimony was introduced as to how the firm business was operated, and that the firm gave plaintiff a check to cover the account before the firm's store was destroyed by fire, and afterwards withdrew all funds from the bank before it was paid. *Held,* that it was proper to refuse to strike out the testimony as to the withdrawal of the funds, as it was competent to show what became of the account up to its conclusion. (Page 305.)

3.    JUROR—INTEREST AS DISQUALIFICATION.—While a juror's interest in the result of a suit is a disqualifying bias, yet, when objection is made for the first time after the verdict, if no fraud or collusion on· the part of the successful party is shown, it is not reversible error for the trial court to refuse to set aside the verdict, in the absence of a showing of diligence on the part of the losing party to discover such disqualification.    (Page 306.)

Appeal from Pulaski Circuit Court; *James H. Stevenson,* Judge; affirmed.

*Harry H. Myers* and *Wiley & Clayton,* for appellant.

1.    There is no evidence that appellant was actually a member of the firm to whom the credit was extended; and unless it is shown that he held himself out to appellee as a member of such firm, he is not estopped to deny it.    22 Am. & Eng. Enc. of L. 59; 80 Ark. 23, 29; 18 Am. St. Rep. 282; 111 U. S. 529; 27 L. R. A. 126.    There is no liability for after-extended credit where there has been no representation of membership in the firm to whom credit is extended, but merely an expression of intention or willingness to become such.    22 Am. & Eng. Enc. of L. (2 ed.) 57; 1 Bates on Partnership. § § 90, 99; Ewart on Estoppel 516; 1 Lindley on Part. 2d Em. Ed. 111, § 44; 111 U. S. 529, 540; 58 Conn. 413.    The doctrine of estoppel applies only to representations as to facts alleged to be actually in existence, not to conditions arising *in futuro.*    Bigelow on Estoppel, 5th Ed. 574; 2 Herman on Estoppel and Res. Jud. 902, § 778; 11 Am. & Eng. Enc. of L., 2d Ed. 425; 16 Cyc. 752; 96 U. S. 547; 47 Am. Rep. 599; 10 Allen (Mass.) 433; 64 Ark. 627.

2.    Plaintiff was under the duty to exercise such diligence and make such inquiries as an ordinarily prudent business man would make to ascertain who composed the firm of Gershner & Rosenthal before extending the credit.    The second instruction requested by appellant was therefore improperly refused.    47 N. H. 494, 500; 85 N. Y. 342; 80 Ark. 23, 30; 28 Conn. 413; 85 Ill. App. 653.

3.    Evidence that Gershner & Rosenthal shortly before the fire gave a check for $400 to appellee and afterwards withdrew their deposit from the bank, etc., was immaterial and was improperly admitted.

4.    A new trial should have been granted on account of the

disqualification of the juror Lincoln.  60 Ark. 221; 8 Cush.
(Mass.) 69; 19 Ark. 156.

*Morris M. Cohn* and *L. E. Hinton,* for appellee.

1.  Notwithstanding the evidence is conflicting, there was
sufficient evidence to go to the jury on the question of appellant's
liability, and their verdict should stand.

2.  The court properly refused the second instruction re-
quested by appellant.  80 Ark. 23, 30; Abbott's Trial Evidence,
206, 208, 209.

3.  The evidence relating to the appropriation of funds by
Gershner & Rosenthal after the fire came out in the testimony of
appellant's witness, Nathan Gershner.  No objection was made
at the time, so that the court might rule on its admissibility.  Ap-
pellant's conduct before and after the fire was admissible, as also
the conduct of those associated with him.  42 Ark. 542.  And
there was no abuse of the privilege of cross examination.  53
Ark. 387; 61 Ark. 52; 75 Ark. 548.

4.  There is no merit in the objection to the juror Lincoln.
It does not appear that he remembered that the corporation with
which he was connected was a creditor of Gershner & Rosenthal,
and he stated that his verdict was in no wise influenced by the
fact of such indebtedness.  Moreover, the objection came too
late.  40 Ark. 511; 35 Ark. 109; 29 Ark. 99; 19 Ark. 156; 37 Ark.
585; 23 Ark. 50.

McCULLOCH, C. J.  This is an action instituted by the Scott-
Mayer Commission Company against A. Gershner on a verified
account for merchandise sold and delivered by plaintiff to the
firm of Gershner & Rosenthal, of which defendant is alleged to be
a member.  Plaintiff also contends that, even if defendant was
not a member of said firm, he held himself out to plaintiff as
such.  The issues were tried before a jury, and a verdict and
judgment resulted in favor of plaintiff.

Defendant's first insistence is that there is not sufficient evi-
dence to sustain the verdict.  There is a sharp conflict in the
testimony, and we are of the opinion that there is enough to
sustain the verdict on both issues.  No useful purpose is to be
served by detailing the various circumstances and the conduct and
statements of defendant which tend, in varying degree, to sustain
the finding that he was, in fact, a member of said firm, and that

he held himself out to plaintiff as such. Defendant and his son, who was a member of said firm, and I. E. Rosenthal, another member, all testified positively that defendant was not a member; but the jury rejected their testimony, and found from the other facts and circumstances proved that he was a member, or that he held himself out to the plaintiff as a member, of the firm. We cannot say that there was no evidence to sustain the finding.

The case was submitted on the following instructions, the last being one requested by defendant:

"If the defendant Gershner held himself out by words or acts to the plaintiff or to its agent to be a member of the firm of Gershner & Rosenthal, or the owner of the business conducted in that name, and the plaintiff sold goods to said business, for which it is now indebted to the plaintiff, upon the faith of said acts of defendant, then the defendant is estopped to deny such matters, and you will find for the plaintiff."

"If you find for the plaintiff under the preceding instruction, you will find in its favor for the amount of its account which you may find was owing, together with interest thereon from date of maturity and demand at the rate of six per cent. per annum."

"Although the plaintiff sold goods and charged them on its books to Gershner & Rosenthal, it might, if it chose to do so, bring its suit against any one or all of the members of said firm; and if from the evidence you find that A. Gershner was the owner of the business done in the name of Gershner & Rosenthal, or was a member of said firm, then it was a legal right of the plaintiff to sue the said defendant."

"Before the plaintiff can recover in this case, he must prove by a preponderance of the evidence that A. Gershner was actually a partner of the firm of Gershner & Rosenthal, or that he held himself out to plaintiff as a partner in that firm, and that plaintiff extended the credit to the firm on the strength of such holding out, if any is shown by a preponderance of the testimony; and the burden of proof is on plaintiff to show these facts, which are necessary to a recovery."

The court refused to give the following instruction requested by defendant, and this ruling of the court is assigned as error:

"You are instructed that it was the duty of the plaintiff, at the time he extended the credit to Gershner & Rosenthal, to use due diligence to ascertain who composed the firm, that is to say, such diligence and make such inquiries as an ordinarily prudent business men would make under similar circumstances; and if you believe from the testimony that defendant was not actually a partner in the firm of Gershner & Rosenthal, and that the use of such diligence by plaintiff would have ascertained that fact, then you will find for the defendant."

Counsel cite authorities holding that a person who relies on acts and conduct of another which amount to holding himself out as a member of a partnership must show that he extended credit on the faith of such reliance and exercised due diligence to ascertain the true facts before he can exact payment from the person so holding himself out as a partner. *Herman Kahn Co.* v. *Bowden,* 80 Ark. 23. But this doctrine is not applicable against one to whom a representation of partnership is directly made by act or word. When a person directly and affirmatively, either by word or deed, holds himself out to another as a partner, and thereby induces him to extend credit to the partnership on the faith of such representation, he cannot shield himself from liabilities behind the failure of the party to ascertain the true facts. And when a party puts out a report that he is a partner, he will be liable to all those selling goods to the firm on the faith of such report. *Herman Kahn Co.* v. *Bowden, supra,* and cases therein cited. When a person holds himself out as a co-partner, those who deal with the firm on the faith of such representation are entitled to act on the presumption that the relationship continues until notice of some kind is given of its discontinuance.

It is contended that prejudicial error was committed by the court in its refusal to strike out certain testimony in relation to withdrawal of funds from the bank by Gershner & Rosenthal after their store was destroyed by fire. They gave plaintiff a check for $400 shortly before the fire occurred, and after the fire they withdrew all the funds from the bank before the check was paid. No objection was made to the testimony when it was elicited on the cross examination of Nathan Gershner and Rosenthal, but afterwards defendant asked the court to exclude it. Both parties introduced testimony as to how the business was

operated, and defendant introduced testimony as to how the funds were deposited in bank and checked out. The above testimony came out on cross examination, as already stated, and was not objected to. We think it was competent to continue the examination as to the condition of the bank account up to its conclusion, and to show what became of the account after the fire, against which the unpaid check given to plaintiff had been drawn. We discover no prejudicial error.

Another ground set forth in the motion for new trial is that C. K. Lincoln, one of the trial jurors, was interested in the result of the trial, in that he was an officer and stockholder in a corporation which was a creditor of Gershner & Rosenthal at the time. Plaintiff filed a response, setting forth that it had no information until the motion for new trial was filed that the corporation named was a creditor of Gershner & Rosenthal; and also filed the affidavit of juror Lincoln stating that when he was selected as a juror, and during his service as such, he did not recall to mind the fact that his corporation was a creditor. No questions were asked the juror as to his interest in the outcome of the trial, and no diligence is shown to have been exercised by defendant in ascertaining whether or not the juror was interested. His son and son-in-law, Nathan Gershner and I. E. Rosenthal, the two confessed members of the firm, were present at the trial, and knew, not only that the corporation named was a creditor of the firm, but also that juror Lincoln was interested in the corporation.

Though a juror asserts that his direct interest in the result of the trial will not influence his judgment, the law presumes him to be under a disqualifying bias, and public policy forbids that he sit as a juror, notwithstanding his avowal. *Railway Company* v. *Smith,* 60 Ark. 221. But when objection is made to a juror after the verdict for the first time, due diligence to discover the disqualification must be shown by the objecting party. At that stage of the case it becomes to some extent a matter of discretion with the trial court as to whether or not the verdict shall be set aside; and when there is no fraud intended or wrong done or collusion on the part of the successful party, it is not reversible error for

the trial court to refuse to set aside the verdict. *Fain* v. *Goodwin,* 35 Ark. 109; *Shinn* v. *Tucker,* 37 Ark. 580.

We find no prejudicial error in the record, and the judgment is affirmed.