## VITTITOW *v.* McKINNEY.

Opinion delivered July 10, 1911.

PARTNERSHIP—EVIDENCE.—Where there was evidence that defendant, sued as a partner in a certain business, either admitted that he was a partner therein or held himself out to be such, and that plaintiff sold property to the partnership on the faith that defendant was a partner, it was error to take the case from the jury for lack of evidence that defendant was liable as a partner.

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; reversed.

*Wiley & Clayton,* for appellant.

In testing the correctness of a directed verdict against plaintiff the facts testified to must be given their strongest probative force in his favor. 76 Ark. 522; 89 Ark. 368; *Id.* 222. The admission by one that he is a member of a firm is sufficient to justify a jury in finding a partnership to exist. 80 Ark. 23; 93 Ark. 301. One held out as a partner with his own consent is liable as such. 32 Ark. 740; Parsons on Partnerships, 87, 123. Defendant is estopped to deny that he is a partner. 80 Ark. 23; 93 Ark. 301.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

When it is sought to charge several as partners, an admission of the fact of partnership by one is not receivable in evidence against any of the others to prove the partnership. 29 Ark. 512; 63 Ark. 30.

McCULLOCH, C. J. The plaintiff, C. P. Vittitow, sues the defendant, Roy L. McKinney, to recover $906, the price of a car load of cattle, contending that defendant and one Layne were engaged in business as copartners, and that the cattle was sold and delivered by him to Layne for the partnership. The

defendant answered, denying that he had purchased any cattle from plaintiff. The court at the trial of the issue before a jury gave a peremptory instruction in defendant's favor, and the plaintiff has appealed.

Plaintiff lived in Arkansas County, Arkansas, and was engaged in farming and stock raising. Defendant and Layne live, respectively, in Little Rock and Argenta. Plaintiff sold several carloads of cattle to Layne upon representations made by the latter, as plaintiff testified, that he and defendant were partners in the business. Each carload, except the last was paid for either with defendant's checks or with Layne's drafts on defendant, which were forwarded to plaintiff after the cattle were received at Argenta. The last carload of cattle, the price of which is the subject of this controversy, was shipped November 22, or 23, 1909, and plaintiff testified that he delivered this lot of cattle to one Hanley, who was sent by Layne to receive them, and that he had no knowledge or information that defendant had withdrawn from the business. It also appears from his testimony that the check or draft given in payment of one of the carloads of cattle was not paid promptly, and that he came to Little Rock to see about it, and that defendant called with him at the bank and instructed the cashier to pay the draft. A. C. Penzel testified that he was engaged in the meat business in Little Rock; that he purchased meats from time to time from the Arkansas Slaughtering Company of Argenta, and that defendant, McKinney, told him that he (defendant) went into that business with Layne to help the latter out, and further told him that he withdraw from the business because Layne had mismanaged it, and he (defendant) got tired of putting up money. This witness also testified that immediately after the defendant withdraw from the business he (witness) and defendant and Louis Pfeifer agreed to take over the business with Layne and conduct it; that they did so, but after a few days they decided that the arrangement was unsatisfactory and abandoned it. He testified that it was on Thanksgiving Day, 1909, that the new arrangement was entered into for the defendant, Pfeifer, Layne and himself to operate the business, and that some of the cattle purchased from plaintiff were on hand at the time, and at his suggestion were shipped to St. Louis and sold. Frank Hanley, another witness, who was the person

sent to DeWitt, Arkansas, to receive from plaintiff this particular carload of cattle and weigh the cattle and ship them, testified that while the business of the Arkansas Slaughtering Company in Argenta was being conducted during the period it is claimed defendant was a partner, defendant was over there from time to time apparently looking around amongst the cattle and over the business; that the books were kept by a bookkeeper sent over from defendant's place of business in Little Rock and that on the day this car of cattle was received at the slaughter house defendant was over there and saw the cattle driven to the slaughter house, and that some of the cattle were killed that day. No testimony was offered by defendant. The evidence above referred to was all that tended to sustain plaintiff's contention, but, according it the strongest probative force which the jury might have given, we think it was sufficient to warrant a finding from the admissions of defendant, as proved by the testimony of witness Penzel and all the other facts and cirsumstances, that defendant was a partner in the business of the Arkansas Slaughtering Company or held himself out as such when the cattle were purchased, and that plaintiff sold the cattle to the partnership on the faith that defendant was a partner. *Herman Kahn Co.* v. *Bowden,* 80 Ark. 23; *Gershner* v. *Scott-Mayer Commission Co.,* 93 Ark. 301. It follows that the court erred in taking the case from the jury, and the judgment is therefore reversed, and the cause remanded for a new trial.