# Max Meyer, sole surviving partner of copartnership trading as Louis Meyer & Son, Appellee, v. Millard Neumann and Lawrence Neumann, trading as Neumann Tailoring Company, Appellants.

## Gen. No. 25,918.

1. PARTNERSHIP—*sufficiency of evidence to establish holding-out as partner.* In an action against one as partner to recover for goods sold and delivered to the partnership, evidence *held* sufficient to establish a finding that defendant held himself out as a partner and was jointly liable.

2. PARTNERSHIP—*what insufficient to relieve one holding out as partner from liability as such.* The liability of one who held himself out as a partner is in no way changed by the fact that he told the person of whom he obtained credit that he did not wish the fact that he was a partner to become generally known because of his other business connections, as such fact could not reasonably be held to put the creditor on inquiry.

3. PARTNERSHIP—*insufficiency of assignment to relieve partner from liability to creditor.* An assignment, made by one doing business as a firm, which made no provision that the acceptance by the various creditors of their distributive shares thereunder should operate as a receipt in full of their claims and a release of the balance, would not amount to a release by one accepting his distributive share of one who had held himself out as a partner and upon whose representation credit had been extended to the firm.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed October 5, 1921.

SCHUYLER & WEINFELD, for appellants.

MYERSON, SLOTTOW & LEVITON, for appellee; FRED E. NEWTON, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendants seek to reverse a

judgment for $1,299.92, recovered by the plaintiff in the municipal court, after trial by the court without a jury.

The plaintiff's claim was based on the sale of certain cloth to the defendant partnership, the sales aggregating $1,358.66. In the affidavit of merits filed by Millard Neumann, he alleged that he was the sole owner and proprietor of the Millard Tailoring Company and he admitted the amount of the indebtedness as set forth by the plaintiff in his statement of claim. This defendant alleged further in his affidavit of merits that he was never in partnership with his brother and codefendant Lawrence Neumann. The latter defendant by his affidavit of merits alleged that he was not and never had been, in any manner, interested in the business of the Neumann Tailoring Company, as a partner or otherwise. The defendant, Millard Neumann, filed an additional affidavit of merits, in which he alleged that during the pendency of this suit, the plaintiff had accepted the sum of $58.74 in full settlement of his claim against him, pursuant to a certain assignment he had made for the benefit of his creditors.

Witnesses testified in support of the plaintiff's claim, to the effect that previous to the opening of the account sued upon, the two defendants visited the plaintiff's office and Millard Neumann stated that they wished to open an account; that upon this occasion Lawrence Neumann stated he was anxious to arrange for credit for the Neumann Tailoring Company; that he owned a half interest in the company but that he did not wish that fact to be generally known because he was at that time in the employ of a New York woolen house; that Lawrence Neumann thereupon gave directions for the shipment of goods to the Neumann Tailoring Company; that on several subsequent occasions, Lawrence Neumann came to the plaintiff's office with Millard Neumann and in conversations with the plaintiff, told him that he was a half owner and that he

would personally see that the account of the Neumann Tailoring Company was taken care of.

The two defendants testified to the contrary and their 'testimony stated the facts to be as set forth in their affidavits of merits, namely, that Millard Neumann was the sole proprietor of the business and that Lawrence Neumann had no interest in it and had never held himself out to the plaintiff as a partner.

The trial court, on this evidence, said that the question as to the status of Lawrence Neumann, with reference to the Neumann Tailoring Company, was one of veracity and held that there was a sufficient holding out by Lawrence Neumann of himself as a partner in the business to warrant the plaintiff in dealing with him as such, in reliance on his representations, and that he was liable as a partner, together with his brother, for the payment of the plaintiff's claim.

The appellants claim that the testimony was not sufficient to support the ruling of the trial court. It is their contention that the circumstances were such as to call for some inquiry or investigation on the plaintiff's part before he dealt with the defendants as partners and that inasmuch as the plaintiff chose to so deal with them without making any such inquiry or investigation, he was guilty of such conduct in the premises as should preclude or estop him from now holding Lawrence Neumann as a partner by estoppel. In support of this proposition, the defendants have cited a number of cases which, in our opinion, are not in point. In none of them are the facts involved such as were presented to the court in the case at bar. It has never been held that where one is told by another, under such circumstances as recited above, that he is a half owner of the business, the former will not be warranted in so considering him and dealing with him on that basis, and that if he does so he will be precluded from holding him liable as a partner by estoppel unless he has satisfied himself by some independent

investigation that the representations are true. Such an unequivocal representation by an alleged partner is calculated to induce in the mind of a prudent business man that he is in fact what he says he is, in effect, a partner. As was said in *Gershner v. Scott-Mayer Commission Co.,* 93 Ark. 301: "When a person directly and affirmatively, either by word or deed, holds himself out to another as a partner, and thereby induces him to extend credit to the partnership on the faith of such representation, he cannot shield himself from liabilities, behind the failure of the party to ascertain the true facts." Our statutes (section 16, Uniform Partnership Act, Cahill's Ill. St. ch. 106a, ¶ 16) specifically provide that "when a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one as a partner in an existing partnership, or with one or more persons not actual partners, he is liable to any such person to whom any such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership * * *." If the testimony submitted in behalf of the plaintiff was true (and we cannot say that the trial court was not warranted in believing it to be true) the defendant, Lawrence Neumann, represented himself to the plaintiff as the owner of a half interest, and therefore a partner in the firm of the Neumann Tailoring Company and the plaintiff extended credit to the firm on the faith of that representation and therefore the defendant, Lawrence Neumann, is jointly liable with his brother, Millard Neumann, as a partner. In our opinion the situation is in no way changed by the fact that Lawrence Neumann told the plaintiff that he did not want his interest in the Neumann Tailoring Company known generally because of his connection with a New York concern. That fact could not reasonably be held to put the plaintiff on inquiry.

The further contention that the plaintiff had acquiesced in and received a dividend on an assignment for the benefit of the creditors of the Neumann Tailoring Company and that he therefore had lost his right of action, as this amounted to a composition with creditors, is likewise untenable.

There is evidence in the record to the effect that Millard Neumann, doing business as the Neumann Tailoring Company, made an assignment (not under the statute) to a trustee for the benefit of the creditors of the company. A copy of the assignment was introduced in evidence. The last paragraph of the assignment reads as follows: "It is specifically covenanted and agreed by and between the parties hereto, that this assignment or any procedure had hereunder shall not in any manner be construed to operate as a release from the claims of creditors as far as any other person is concerned who may be in any way connected as a partner or who may prove to be liable for the debts of the said Millard Neumann, doing business as Neumann Tailoring Company." The plaintiff did not execute this agreement, but, on the contrary, declined to do so. The trustee did give plaintiff's attorney a check for $58.74 as plaintiff's distributive share of the assets of the Neumann Tailoring Company, under the assignment, and this check was retained and cashed by the plaintiff. That amount was deducted from the amount of the plaintiff's claim and judgment was entered in his favor for the balance.

Even if the plaintiff had executed the assignment and agreed specifically to all its terms it would not have amounted to a release of Lawrence Neumann. The evidence is to the effect that all the creditors of the Neumann Tailoring Company, except the plaintiff and one other, signed the assignment agreement. But the agreement made no provision that the acceptance by the various creditors, of their distributive shares under the assignment, was to operate as a receipt in

full of their claims and a release of the balance. Without such a provision, the assignment, even if agreed to, and executed by the plaintiff, or the acceptance by him of his distributive share, under the assignment, could not have the effect contended for by the defendants, for the transaction was in no sense a composition with creditors. As is said by the author in 4 Cyc. 271: "A general assignment with no provision for a release by creditors accepting its benefits does not preclude such creditors from collecting, by suit, balances remaining due upon their claims after they have received their dividends from the assignee."

We find no error in the record and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.