## WATKINS *v.* MOORE.

Opinion delivered November 19, 1928.

352

*Brundidge & Neelly,* for appellant.

*J. R. Linder* and *Snodgress & Snodgress,* for appellee.

HART, C. J., (after stating the facts). It is well settled in this State that, when a person holds himself out, by word or deed, to another as a partner, and thereby induces him to extend credit to the partnership on the faith of such representation, he cannot shield himself from liability under the partnership. When a

person holds himself out as a member of a partnership, any one dealing with the firm on the faith of such representation is entitled to act on the presumption that the relation continues until notice of some kind is given of its discontinuance. *Brugman* v. *McGuire*, 32 Ark. 733; *Herman Kahn Co.* v. *Bowden*, 80 Ark. 23, 96 S. W. 126, 10 Ann. Cas. 132; and *Gerhner* v. *Scott-Mayer Commission Co.*, 93 Ark. 301, 124 S. W. 772.

We think that a preponderance of the evidence shows that M. E. Moore held himself out to T. A. Watkins as a partner with his son in the purchase and sale of fertilizer from Watkins and his brother. The Moores were in business at Beebe, and the Watkins were in business at Searcy. It is true that the testimony of the parties to the contract is in direct and irreconcilable conflict, but we believe that the attendant circumstances turn the scale in favor of the plaintiffs. The record shows that very little of the fertilizer was sold for cash. Notes to the total amount of $4,000 were given by purchasers of the fertilizer, and these notes were indorsed by Guy Moore, in the name of M. E. Moore & Son, to the plaintiffs. The notes were either made payable to M. E. Moore & Son or to Moore & Son. It is true that M. E. Moore denies that he knew that this was done until in the fall, when an attempt was made to collect the notes. Notwithstanding his testimony on this point, the record shows that he signed one of these notes himself, payable to M. E. Moore & Son, or Moore & Son. M. E. Moore only states in a general way that he did not know these notes were made payable to Moore & Son. He does not state specifically that he did not read over the note that he gave for fertilizer. It is true that Guy Moore says that he presumed his father signed the note without reading it, but his father makes no such statement. If M. E. Moore read the note, he was bound to know that it was payable to M. E. Moore & Son, or to Moore & Son.

Again, the record shows that in the fall M. E. Moore and Guy Moore brought suit on one of these notes and

recovered judgment in the circuit court. It is true that M. E. Moore said that this was done to accommodate the parties, but this could have been done as effectually by disclaiming any right to the proceeds of the note. During the whole of the season he was considered a partner in the business, and was so treated by the plaintiffs. The partnership was organized and conducted as a trading business, and Guy Moore had the right to indorse the notes to the plaintiffs in payment of the fertilizer which the firm had purchased from the plaintiffs. The law of partnership is a branch of the law of agency. One partner acts for himself and as the implied agent of the other within the scope of the partnership business. *Stephens* v. *Neely*, 161 Ark. 114, 255 S. W. 562, 45 A. L. R. 1236; hence a member of the partnership is authorized to settle and adjust claims against the partnership. *Mortimore* v. *Atkins*, 98 Ark. 183, 135 S. W. 865.

Guy Moore was acting within the scope of the partnership business when he indorsed the notes given by the purchasers of fertilizer to the plaintiffs in payment of the debts of the firm. By indorsing the notes in the firm name in payment of a firm debt he bound all the members of the partnership by his indorsement; and, as we have already seen, M. E. Moore became liable for the partnership debts by holding himself out as a member of the firm to T. A. Watkins when the arrangement was made for the purchase of the fertilizer from the White County Supply Company by Moore & Son.

The decree is reversed, and the cause is remanded with directions to the chancery court to render judgment in favor of the plaintiffs against M. E. Moore jointly with Guy Moore as members of the partnership of Moore & Son.