*1113 OPINION.
Trammell :
The petitioner contends that for the years 1924, 1925, 1926, and 1927 his two daughters were members of the partnership of W. H. Simmons & Company; that the respondent erred in determining that they were not, and that the amounts credited to them on the partnership books as profits and interest were taxable to him. The respondent contends that the daughters were not members of the partnership and that he did not commit any error in determining that the amounts credited to the daughters on the partnership books were taxable to the petitioner.
As we view all the evidence in this case, it establishes the following facts: That the petitioner and his son, who were members of the partnership, agreed with the petitioner’s daughters that each of the daughters would have a one-sixth interest in the future earnings of the business and that the daughters would share any losses in the same proportion; that the petitioner permitted the firm to use his capital which had been accumulated in the past and which would remain his; that the two daughters rendered some service to the business. We think that all of the evidence goes to establish these facts and the question is whether these facts are sufficient to constitute the two daughters members of the partnership.
Shannon’s Annotated Code of Tennessee (1918) provides:
314166. Partnership defined.—
(1).A partnership is an association of two or more persons to carry on as coowners a business for profit.
3141b7. Rules for determining' the existence of a partnership.—
In determining whether a partnership exists, these rules shall apply.
(1) Except as provided by section 3141bl6, persons who are not partners as to each other are not partners as to third persons.
* * * * * * *
(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.
*1114 .(4) The receipt by a person of a share of the profits of a business, is prima facie evidence that he is a partner in the business, * * *
Subsection (4) of section 3141b6 above quoted prescribes a rule of evidence in determining whether a person is a member of a partnership, that is, a person who receives a share of the profits of a business is presumptively a partner. When this is shown a prima facie case is made. It is clear in this case that the daughters were credited with shares of profits of the business, that they agreed to share in the profits and the losses, and that they rendered some service to the business.
We think that it is of no importance that the petitioner and his son, members of the partnership, did not give to the petitioner’s daughters an interest in the accumulated profits or in the property used by the partnership in the business. There may be a partnership in which one partner is the sole owner of the property and the firm capital may consist merely of the right to use property contributed by and belonging to one member. See Hacket v. Multnomah Ry. (Oreg.), 6 Pac. 659; Herman Kahn Co. v. Bowden & Co. (Ark.), 96 S. W. 126. See also Blanchard v. Coolidge, 22 Pick. 151; 18 L. R. A. (N. S.) 1081; Orvis v. Curtis (N. Y.), 52 N. E. 690; Baker v. Safe Deposit & Trust Co. of Baltimore. (Md.), 45 Atl. 1028. This case is to be distinguished from those cases which hold that where one person or a partnership promises to give to another person an interest in the profits of an enterprise without any consideration or without anything being furnished in the way of capital or services to the business. See Trayes v. Johns (Colo.), 50 Pac. 1113. See also 47 C. J. 654; Clay's Adm’r. v. Kelly (Va.), 91 S. E. 621. The verbal agreement was to share profits and losses and not merely to share profits. And the daughters did render services. It is not of great importance what the value of the services rendered was so long as services were contemplated as one of the considerations. We think, too, that when the taxpayer has shown that the person agreed to receive, and did receive profits of the business, the agreement being entered into by members of the partnership and such person, a prima facie case is made out and the partnership is presumed to exist. All the evidence in the case taken together is not sufficient to overcome the prima facie case which is thus brought within the statute.* But wholly aside from the presumption created by statute, we think that the agreement for the sharing of profits and losses and ‘the rendition of the services is sufficient to establish a partnership. See Pritchett v. Thomas Plater & Co. (Tenn.), 232 S. W. 961, and Meban v. Valentine, 145 U. S. 611.
The remaining issue is whether the amounts credited to the petitioner’s wife on the partnership books in 1925, 1926, and 1927 as rentals for the use of two buildings in Springfield constitute taxable *1115 income to the petitioner for those years. The petitioner put up the buildings at his own expense upon property in which the wife had a life estate, and from the time of the erection of the buildings rentals therefor were duly credited to the wife. It is a well established principle of law that, where a person erects a building on property of another, knowing all the facts, the building becomes the property of the owner of the land. See Brant v. Virginia Coal & Iron Co., 93 U. S. 326; Hensham v. Bissell, 18 Wall. 255; Stell v. Smelting Co., 106 U. S. 447. This is not a case where one person was induced by another to make improvements on property which he supposed or considered that he owned. The petitioner had a re-mainderman’s interest in the property which he acquired in the same instrument by which his wife acquired the life estate, and he knew all the facts. We think also that the acts of the parties in crediting the rental to the wife represents the understanding of the parties at the time that the property belonged to the wife and that she was to have the rentals or income therefrom.
Great reliance is placed by the respondent upon the fact that the petitioner in 1927 submitted a statement to a New York bank in which he stated that the real estate was owned by him without encumbrance. This statement is inconsistent with the actions of the parties through all the years and we do not think that it alone is ■ sufficient to take the case out of the general rule of law.
We think that under the facts and the law applicable thereto the petitioner did not receive any taxable income with respect to the rentals on the above property.
Reviewed by the Board.

Judgment will be entered wider Bule SO.

Sternhagen dissents.