HERRING *v.* MISHAWAKA RUBBER & WOOLEN MANUFACTURING COMPANY.

4-4350

Opinion delivered July 6, 1936.

*Culbert L. Pearce*, for appellant.

*Barber & Henry,* for appellee.

BAKER, J. The Mishawaka Rubber & Woolen Mfg. Co., a corporation, filed its suit in the circuit court of White county against H. E. Herring and H. Benson, partners, who had operated a retail mercantile business at Imboden, Arkansas, under the firm name of Herring & Benson, alleging that the said partnership was indebted to the plaintiff in the sum of $245.89 for goods, wares and merchandise sold by the plaintiff and purchased by the defendants. On January 1, 1934, Herring filed separate answer in which he denied that he and his co-defendant were partners in such business after September 3, 1932, and denied the purchase and indebtedness for the goods; pleaded further, by way of affirmative defense, that he and Herbert Benson were partners in a retail mercantile business at Imboden, in this State, from October 1, 1930, to September 3, 1932; that in August, 1932, they agreed to dissolve the partnership and organized a corporation. This was done and the corporation became Herring & Benson, Inc. They filed articles of agreement and incorporation in Lawrence county, on August 31, 1932. On September 3d said articles of incorporation, together with the clerk's certificate, were filed with the Secretary of State. Herring then resided at McRae, White county, where he was engaged in a retail mercantile business under the name of H. E. Herring, General Merchant. At no time did he reside at Imboden or participate actively in the management and operation of the business, and disclaims liability to plaintiff for merchandise shipped and delivered to the corporation after September 3, 1932.

Upon proper motion, and by agreement, the suit was transferred to the chancery court, where a decree was rendered in favor of the plaintiff against Benson, as one of the partners and against Mrs. Herring, as executrix of the last will and testament of the other partner, who had died. From this decree against the estate of Herring, this appeal has been prosecuted. The only question presented here is that of liability of the partners under the conditions or facts developed upon this trial.

The substantial facts are not in dispute, and for that reason detailed statements of the several witnesses will be omitted. The amount of the account is not in question. As we understand the record the following facts are not controverted:

Benson was in charge of the business at Imboden. Mr. Herring was at that place of business perhaps not very often. Benson gave or made the order for the goods for or on behalf of the partnership, but only three days before the corporation was formed.

The goods were shipped in accordance with the order to Herring & Benson. They were received by Herring & Benson, Inc. This delivery was made according to order, perhaps, about thirty days after the formation of the corporation, but at a time when the plaintiff had not yet learned of the formation of the corporation. The incorporators were the two former partners, Mr. Herring, Mr. Benson and Mrs. Herring, the wife of one of the partners, the executrix of his last will and testament, prosecuting this appeal. The capital stock of Herring & Benson, Inc., was paid for by the stock of merchandise owned by the partnership.

It is argued here that the plaintiff, appellee on this appeal, was required to take notice of the dissolution of the partnership, as the filing with the Secretary of State of articles of agreement by Herring & Benson was constructive notice of the formation of the corporation. It is not contended that the appellee had any other information or knowledge of the dissolution of the partnership before the shipment of goods, except constructive notice, so given by filing the articles of agreement forming the corporation.

Counsel cited § 3 of act 255 of Acts of 1931, which declares that the existence of a corporation shall begin with the filing of articles of incorporation in the office of Secretary of State. If it should be conceded or determined that everybody must take notice of the organization of the corporation, upon the proper filing of the articles of agreement with the Secretary of State, this would be far short of giving notice of the dissolution of the partnership. The abstract furnished us and the argu-

1058

ment of counsel presenting the case contain no reference to any record or statement in the articles of agreement for incorporation, tending to show that Herring and Benson had dissolved their partnership. All proof of the fact of their dissolution is extraneous to the matter of the organization of the corporation.

We have just recited above that the capital stock of the corporation was paid for by the merchandise belonging to the partnership. This information is not obtained by any reference to any of the articles of agreement to incorporate.

Counsel cite us to numerous cases and authorities to the effect that a corporation, organized as this one was to succeed the partnership in its business, becomes liable for the partnership debts or obligations and to the further effect that partners would not be liable on contracts entered into or for debts contracted by the corporation or in the corporate name for the corporation, unless the other party dealt with them as partners and did not have actual or constructive notice of the incorporation. Citing 14 C. J. 307; also 7 R. C. L. 84.

These citations we think clearly and concisely state propositions of law that are not applicable here. If the plaintiff had sued the corporation and the corporation were denying its liability as a successor of the partnership, the citations given would be in point. The fact that the corporation may have made itself liable would not *ipso facto* release the partners.

There was proof introduced to the effect that Herring & Benson, Inc., made an assignment for the benefit of creditors, that the merchandise was sold for $3,500 cash and this was used in payment upon $7,363.66 indebtedness. At the time of this assignment there was due the plaintiff $362.14. There was paid a dividend of $121.40, but the creditor refused to accept this distribution in discharge of the obligation due it, but reserved the right to sue the partnership.

"The dissolution of a firm does not relieve any of its members from liability for existing obligations, including liability on existing contract." 47 C. J., page 1122, § 792.

"When a person holds himself out as a co-partner, those who deal with the firm on the faith of such representation are entitled to act on the presumption that the relationship continues until notice of some kind is given of its discontinuance." *Gershner* v. *Scott-Mayer Commission Co.*, 93 Ark. 301, 124 S. W. 772; *Watkins* v. *Moore*, 178 Ark. 350, 10 S. W. (2d) 850.

It follows that the decree of the chancery court is correct. It is affirmed.