Wendel E. GRUBB *v.* Joe CLOVEN

CA 80-71                                    601 S.W. 2d 244
Court of Appeals of Arkansas
Opinion delivered June 25, 1980
Released for publication July 8, 1980

*Jerry D. Pruitt* for appellant.

*Stephen A. White* for appellee.

DAVID NEWBERN, Judge. The question presented here is whether there is sufficient evidence to support a finding by the court sitting without a jury that the appellant was liable, individually, to the appellee for breach of a construction contract. The appellant claims he is not a proper party to the litigation and that a corporation of which he was a principal stockholder should have been the defendant. We hold the finding that the contract was made by the defendant individually and not on behalf of the corporation is not clearly erroneous or clearly against the preponderance of the evidence. See, *A.R. Civ. P.*, 52(a).

The appellant and David Fitzgerald were partners in a construction business. Prior to the time they incorporated their business, and presumably dissolved their partnership, they discussed a construction project with the appellee. No contract was entered, however, until after the appellant and Fitzgerald incorporated their business as the "Double Cousins Company." Fitzgerald was initially a defendant in this breach of contract suit. The suit against him, however, was settled, leaving the appellant as the only defendant. The parties stipulated that there had been a breach of contract, without saying who was responsible, and they stipulated the amount of damages for which the appellant would be liable if it was determined that he, individually, was responsible for the breach.

On March 16, 1978, the appellant and Fitzgerald entered into an agreement with the appellee. The agreement was in writing, in the form of an altered "offer and acceptance" which was obviously intended for use by a real estate agency. The agreement opened as follows:

> To Double Cousins Company, Agent. 1. The undersigned, herein called the Buyer, offers to buy, subject to the terms set forth herein, the following property:

Then follows a blank space in which had been written by hand:

> House on Buyer's lot according to Plan 5392-R of Architect's York & Shenke of New York.

Remaining handwritten insertions in the contract provided for price, manner of payment, and "allowances" for items to be purchased by the buyer and included in the house. All of the printed standard clauses which would have related to a real estate transaction were crossed out, and the letters "N/A" were placed in several of the contract blanks such as the one providing for the agent's fee. The contract is signed by the appellant and Fitzgerald, each of whom is identified only as "Seller," and by the appellee who is identified as "Buyer."

The appellant and the appellee have given us entirely different characterizations of the issue in this case. The appellant would have us decide it on the theory that the appellee had at least constructive notice that the appellant and Fitzgerald were dealing on behalf of their corporation, and thus were not dealing as individuals. The appellee makes the point that even stockholders in corporations may deal individually in business which might normally be dealt in by the corporations in which they are stockholders, and that the mere fact that they are stockholders in a corporation does not prevent them from dealing as individuals.

When we look to the judgment entered by the lower court, we find one of the paragraphs stating the court's finding to be as follows:

> 4. That the contract with plaintiff, which is the subject matter of the litigation, was entered into by Defendant, Wendell E. Grubb, as an individual, and that said contract was not between the plaintiff and any corporate entity.

We have only to look at the face of the contract to see substantial evidence to support that crucial finding. The contract refers to the Double Cousins Company only as "Agent." The appellant and Fitzgerald signed their names as "Seller," respectively, and did not purport to represent any one other than themselves.

The following statement was made by the U.S. Court of Appeals for the 8th Circuit in affirming a decision by then

District Judge Henley in a complicated, multiparty suit in which the question was whether a corporation or its major stockholder or both of them were liable on a contract:

> *The resolution of whether . . . contracts existed* among or *between any of the parties* to the litigation, the construction or interpretation of any such . . . agreements and ascertainment of damages . . . *constitute issues of fact.* [Emphasis added. *Shamburger* v. *Moody, et al.,* 437 F.2d 1358 (CA 8, Ark. 1971), at p. 1359.]

Although the facts before us are not nearly as complex as in *Shamburger,* the principle is the same. See also, *Warren Co.* v. *Neel,* 284 F. Supp. 203 (W.D. Ark. 1968), aff'd as *Kimbell Milling* v. *Warren Co.,* 406 F. 2d 775 (CA8, Ark. 1968), where the result differed but the question was again deemed one of fact.

The appellant has simply misconceived the issue as being whether there was constructive notice that these "Sellers" were operating as a corporation. He cites cases such as *Gazette Publishing Co.* v. *Brady,* 204 Ark. 396, 162 S.W.2d 494 (1942) and *Herring* v. *Mishawaka Rubber & Woolen Mfg. Co.,* 192 Ark. 1055, 95 S.W. 2d 1141 (1935), which deals with questions arising out of transactions where the questions of corporate entity and notice were important. Perhaps had there been an oral agreement in this case, the point addressed by the appellant would have been decisive. However, as stated above, the written agreement before us makes it substantially evident that the appellant and Fitzgerald purported to be dealing as individuals and not as representatives of a corporation.

Affirmed.