## MARCELLUS J. PARTRIDGE *vs.* PHILIP D. KINGMAN.

Plymouth. Jan. 25. — March 3, 1881. ENDICOTT & FIELD, JJ., absent

If A. agrees with B. to furnish a stock of goods, and to pay B. for selling them a sum equal to a certain part of the net profits, the goods to remain the exclusive property of A., and B. to have no interest therein, A. and B. are not partners; and, in an action by A. against an officer, who attaches the goods as the property of B. on a writ in favor of a private creditor of B., A. is not estopped to show that he and B. are not partners by the fact that the goods are bought in the name of A. and B.

TORT for conversion of property attached by the defendant, a deputy sheriff, on a writ against Charles W. Soule. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon an agreed statement of facts, the material parts of which appear in the opinion.

*W. H. Osborne,* for the plaintiff.

*H. E. Fales & S. H. Tyng,* for the defendant.

MORTON, J. By the contract between the plaintiff and Soule, the plaintiff was to furnish a stock of goods, and was to pay

Soule for his services in selling them "a sum equal in amount to one third of the net profits arising from the sale of said stock." The contract further provided "that the said stock in trade shall be the exclusive property of the party of the first part [the plaintiff], and under any circumstances the party of the second part shall have no interest therein." This contract did not make the parties to it partners. Soule had no interest in or lien upon the property or profits. The fact that the amount of his compensation depended upon the amount of the profits does not make him a partner, either as to his associate or as to persons dealing with him. Soule, therefore, had no property or interest in the goods attached by the defendant, and his attachment was a conversion for which he is liable to the plaintiff, who is the owner. *Blanchard* v. *Coolidge*, 22 Pick. 151. *Denny* v. *Cabot*, 6 Met. 82. *Bradley* v. *White*, 10 Met. 303.

The facts that goods were bought in the name of "Soule and Partridge," and that bills were made out to and the goods shipped to "Soule and Partridge," are immaterial in this case. If the parties held themselves out as partners, and thereby induced any person to give credit to the supposed partnership, they might be liable to such person, by way of estoppel. *Rice* v. *Barrett*, 116 Mass. 312. But the debt of the attaching creditor in this case was a private debt against Soule, contracted before the agreement was made; as to him, there is nothing shown in the case which estops the plaintiff from proving that in fact there was no partnership, and that Soule had no interest in the goods attached. *Judgment for the plaintiff affirmed.*