GEORGE B. NICHOLS & another *vs.* BENJAMIN JAMES & others.

Worcester. Oct. 5, 1880. — April 8, 1881. COLT, MORTON & FIELD, JJ., absent.

In an action against two persons as partners on a promissory note signed by one of them in the firm name, a verdict may properly be returned against both jointly, if it appears that the one who signed was an agent with authority to sign the note, and held himself out to the payee of the note as a partner, and that the other defendant was the only member of the firm.

LORD, J. This is an action in three counts upon three promissory notes, each of which was signed "Jamesville Mfg. Co. B. James, Agt." The action is brought by the payees of the notes. The defendants are described in the writ as copartners under the firm name of the Jamesville Manufacturing Company. Each count alleges that the defendants by their agent, B. James, made a promissory note to the order of the plaintiffs, and the defendants owe the plaintiffs the amount of the same.

It is to be observed that no person's name was subscribed to the note as principal, but it purported to be the note of the Jamesville Manufacturing Company, by B. James, Agent; and the precise question for trial was, Who were bound by that signature? or, in other words, Whose contract was it? It was admitted at the trial that James had authority to make the signature to the note, and to bind whomever that signature should

represent; and that the two excepting parties were partners, and liable upon the note. It is conceded by them that Benjamin James was also liable on the note, not as a partner, but because he held himself out to the plaintiffs as a partner, and credit was given to the firm upon his representation that he was a partner. They also admit that the contract thus signed was one upon which they were all liable jointly. But they contend that the precise mode in which their liability is fixed should be set out in the contract, and that, before a judgment should be entered against them, an amendment should be made in the declaration, setting forth substantially that John K. James and Lewis H. Scott were partners in business; that Benjamin James had become liable upon the same contract, by representing himself to be a partner, and obtaining credit by that representation.

But we do not deem such amendment necessary. These promissory notes were confessedly properly signed by their duly authorized agent, fully competent to bind them. It was therefore their act, and the real question for the jury was, Who was the party that contracted with the plaintiffs? That question the jury have settled upon proper evidence and under proper instructions; and, so far as these three several contracts are concerned, that signature was the signature of the two excepting defendants and the defendant Benjamin James. Whether the name, "Jamesville Manufacturing Co., B. James, Agent," represents the same or different parties, when subscribed to any other contract, must depend upon the evidence, when such other contract is in controversy. It is sufficient in this case that this contract bound the three defendants. That one who is not a partner who holds himself out as a partner in a firm is jointly liable with the other partners upon the contracts of the firm made upon the credit of such representation, has been repeatedly adjudged by this court. *Rice* v. *Barrett*, 116 Mass. 312. *Ruhe* v. *Burnell*, 121 Mass. 450.                    *Exceptions overruled.*

*W. S. B. Hopkins*, for the defendants.

*G. F. Verry & F. A. Gaskill*, for the plaintiffs.