COMMONWEALTH *vs.* CATHERINE GRAHAM.

Suffolk.   January 16, 1900. — March 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Sale of Cigars on the Lord's Day by Common Victualler.*

If one of the purposes for which a common victualler keeps open his restaurant on the Lord's day is the sale of cigars, the keeping of that place open for that purpose is unlawful under St. 1895, c. 434, § 2.

COMPLAINT, under St. 1895, c. 434, § 2; charging the defendant with keeping open her shop for the purpose of doing business therein on August 13, 1899, at Revere, that being the Lord's day.*

At the trial in the Superior Court, before *Sheldon,* J., there was evidence tending to show that the defendant was a common

---

* The St. 1900, c. 440, § 1, is as follows: " Nothing contained in section two of chapter four hundred and thirty-four of the acts of the year eighteen hundred and ninety-five shall be held to prohibit the retail sale of tobacco in any of its forms on the Lord's Day by licensed innholders, common victuallers, druggists, and newsdealers whose stores are open for the sale of newspapers every day in the week."

victualler, duly licensed by the town of Revere; that she kept a restaurant which was open as a dining-room on said day; that in the restaurant on that day she supplied meals to a large number of people, and that to some of them she sold cigars.

The defendant asked the judge to rule that if she was a duly licensed common victualler, and in that capacity kept her restaurant open on the Lord's day, and there supplied meals as her principal business to those that desired them, she could not be convicted on this complaint, although it should appear that she also kept in this restaurant cigars for sale to those of her customers who desired them, and actually did sell, on the Lord's day in said restaurant, cigars. The judge refused to give this ruling.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs to all the justices.

*C. B. Loud*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

BARKER, J. We assume in favor of the defendant that a room kept open by a common victualler merely as a dining-room is not a shop within the meaning of St. 1895, c. 434, § 2. But the ruling asked for by the defendant was too broad. It went upon the ground that if the defendant's principal business was supplying meals she could not be guilty of keeping the place open on the Lord's day. If one of her purposes in keeping the place open was the sale of cigars she was guilty of the offence charged. The sale of cigars in the restaurant on the Lord's day was evidence for the jury that one of the defendant's purposes in keeping it open was to make such sales. Because of this evidence the request was rightly refused. The only exception is to the refusal to give the request. It is to be presumed that correct instructions were in fact given.

*Exceptions overruled.*