COMMONWEALTH *vs.* MARY H. MECKEL.

Suffolk.    March 15, 1915. — May 19, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Lord's Day.    Common Victualler.    License.    Words,* "Common victualler."

One who is licensed as a common victualler under R. L. c. 102, §§ 1–22, has no right to sell any kind of food on the Lord's day to be taken and carried away, where such sale is not a work of necessity or charity, and, if he does so, he may be convicted and punished under R. L. c. 98, §§ 2, 3.

Assuming that a common victualler, although by R. L. c. 102, § 8, he is not required to keep his place of business open on the Lord's day, lawfully may do so for the purpose of supplying his customers with food to be eaten upon his premises, this gives him no right to sell on that day any food to be carried away.

COMPLAINT entered on October 5, 1914, in the Superior Court, on appeal from a sentence of the Municipal Court of the City of Boston, charging that the defendant on August 23, 1914, that day being the Lord's day, at Boston did sell one pound of bread to one Nordstrom, the same not being then and there a work of necessity or charity.

· The defendant was tried before *Keating,* J., upon an agreed statement of facts as follows: On Sunday, August 23, 1914, at 11 A. M. the defendant was engaged in the business of a common victualler and as such common victualler sold a loaf of bread to Nordstrom, the complainant, a stranger to the defendant, to be taken from the defendant's place of business, and such sale was not a work of necessity or charity. A copy of the defendant's license to be a common victualler at the building numbered 300 on Columbus Avenue in Boston until May 1, 1915, was annexed to the agreed statement of facts as a part thereof.

The defendant asked the judge to make the following rulings:

"1. On the agreed statements of facts the defendant must be found not guilty.

"2. Under R. L. c. 102, § 5, and the terms of her license the defendant as a common victualler was obliged at all times (except when the licensed premises are closed under R. L. c. 100, § 40), to be provided with suitable food for strangers and travellers. A single five-cent loaf or pound of bread is suitable food within the meaning of this statute and the defendant cannot be convicted on this complaint for furnishing such food at 11 A. M. on the Lord's day to a stranger on the licensed premises, to be taken off the premises.

"3. The defendant having a license to do a victualler's business on the Lord's day, in the absence of statutory prohibition or a prohibition in her license, can conduct her victualler's business throughout the Lord's day as on other days of the week and she had a right to sell bread on the Lord's day to be taken from the premises.

"4. The defendant having a victualler's license with permission to do business on the Lord's day has a right to sell a loaf of bread to a stranger or traveller on the licensed premises at 11 A. M. on the Lord's day, and it is immaterial where the stranger eats the bread, even though such a sale is not a work of necessity or charity."

The judge refused to make any of these rulings. The jury returned a verdict of guilty, and at the request of the defendant the judge reported the case for determination by this court. If any of the rulings requested should have been given, a verdict of not guilty was to be ordered; otherwise, the verdict of guilty was to stand.

The case was submitted on briefs.

*R. J. Lane,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was found guilty of doing business on the Lord's day, by selling and delivering a loaf of bread to the complainant on that day, at her shop, to be carried away from the premises. It is agreed that this sale was not a work of necessity or charity. R. L. c. 98, §§ 2, 3.

The defendant relies on the fact that, being licensed as a com-

mon victualler under R. L. c. 102, §§ 1–22, she had the right to sell food on the Lord's day, even though the food was not to be eaten upon the premises, but was sold to be carried away.

The words "common victualler," in Massachusetts, by long usage, have come to mean the keeper of a restaurant or public eating house. Because of the nature of the business the keeper of such a place must be licensed by the proper authorities and is required by statute at all times to be provided with "suitable food for strangers and travellers," and to have "upon his premises the necessary implements and facilities for cooking, preparing and serving food for strangers and travellers." R. L. c. 102, §§ 5, 6.

These sections of the statute require the common victualler to be provided with suitable food for all purchasers who resort to the place where the business is carried on, for such refreshment as is to be consumed upon the premises. These sections do not require the keeper to be provided with bread, groceries and provisions for all of the public who may come to the shop to purchase such articles and to carry them away.

Assuming that the defendant as a common victualler has the right, although not required by law, to keep open her place of business on the Lord's day (R. L. c. 102, § 8), she can keep it open as such only for the purpose of supplying her customers with food to be eaten on the premises. The common victualler, in keeping an open shop or doing work or business, except for the purposes permitted by law, is like any other person who violates the provisions of the Lord's day statute. The keeper of such a place cannot sell on that day any kind of food to any one, if it is sold to be taken and carried away. *Commonwealth* v. *Graham,* 176 Mass. 5.

According to the terms of the report the verdict of guilty is to stand.

*So ordered.*