Pettingell, J.
Action of contract in which there was a finding for the plaintiff. The declaration set forth the sale and delivery of alcoholic beverages to a restaurant known as the O’ Solo Mio. The defendant and one Coletti had been issued a license by the City of Lynn to sell alcoholic beverages at 72 Washington Street, Lynn, the name of the restaurant, as stated in the license, being, O ’ Solo Mio.
*416 The defense was that the defendant was not a partner but had his name appear on the license as a matter of security for a loan made by him to Coletti.
The trial judge gave the following rulings (or findings) at the request of the plaintiff.
“2. The defendant was the licensee of O’ Solo Mio Restaurant in 1937. . . .
“5. The plaintiff in selling merchandise to O’ Solo Mío ■Restaurant looked to the licensee, Antonio S. Geradi.”
The defendant requested three rulings which were denied by the trial judge. They are as follows:
“1. The evidence produced by the plaintiff does not warrant a finding against the defendant. . . .
“7. The plaintiff has not shown that the defendant, by his acts or declarations, induced the plaintiff to sell the goods mentioned in the declaration. . . .
“9. There is no evidence to warrant the Court in finding that the defendant induced either by acts or declarations the defendant to sell the goods mentioned in the declaration. ’ ’
The trial judge filed a MEMORANDUM OF DECISION, which contained findings of fact to the effect that the plaintiff sold liquors on credit to the O’ Solo Mio restaurant as stated in the declaration; that a license for that restaurant had been issued to Coletti and the defendant; that the defendant was conscious of and recognized the fact that by procuring a license to sell liquors in his name, he was assuming an obligation; that he might be called upon to make good for any bills that might be incurred in purchasing alcoholic beverages to be resold to the customers in the restaurant; that he knew, or ought to have known, that the plaintiff as a wholesaler of liquor could sell only to licensees, properly licensed, under the law.
Licenses for the sale of alcoholic beverages in a restaurant can be granted only to a person holding a duly issued and valid license as a common victualler, G. L. (Ter. Ed) C. 138, Section 1, as amended by the Acts, Extra Session, of *417 1933, Chapter 376. Provision is made for the licensing of common victuallers by G. L. (Ter. Ed.) C. 140, Section 2. A common victualler is one who is the keeper of a restaurant or public eating house. Commonwealth v. Meckel, 221 Mass. 70, at 72.
By applying for a license for the sale of alcoholic beverages in a restaurant the defendant represented himself to the licensing authorities as one of the keepers of the place of business licensed. The acceptance by him of such a license clearly estops him from denying that he is one of the keepers of the restaurant.
From the fact of the acceptance and use of such a license the trial judge could have found that the defendant was a partner. He was not obliged to believe the defendant’s explanation that his name appeared on the license only as a matter of security, or, if he did believe it, he was not obliged to relieve the defendant from the consequences of his act in procuring the license by falsely stating that he was a keeper of the restaurant when in fact he was not a common victualler and was not an owner or keeper of the restaurant.
The defendant was not harmed by the giving of the two rulings requested by the plaintiff. Each of them was in reality a request for a finding of fact.
The three rulings requested by the defendant and not given by the trial judge cannot be made the basis of prejudicial error. With regard to the seventh and ninth, it was not necessary for the judge to find that specific acts and declarations of the defendant induced the plaintiff to sell merchandise to the restaurant. The defendant created for himself a status defining his liability when, by applying for and receiving a license for the operation of the restaurant, he became, as far as the creditors were concerned, a partner in its control and ownership. His liability would have existed even if he had been in a foreign country when the merchandise was sold to the restaurant and he had had no knowledge of the sale and no part in it. The trial judge *418 found that the plaintiff assumed, as he had a right to do, that the defendant was an owner of the business. That is just what the law provides in a case such as this.
The case does not turn upon estoppel of the defendant to deny that he is a partner when he is not, the estoppel being based upon some single limited act with relation to the conduct of the business, see Phipps v. Little, 213 Mass. 414, at 417. It belongs rather in the class of cases where there is liability because the defendant has definitely held himself out to be a partner, thereby inducing third persons to give credit to the apparent partnership. Rice v. Barrett, 116 Mass. 312. Nichols v. James, 130 Mass. 589, at 590. Partridge v. Kingman, 130 Mass. 476, at 477. By statute, a definite liability is created in such a case; where the representation is made “in a public manner,” the one making it is liable whether or not the representation has been made or communicated to the person giving credit. G. L. (Ter. Ed.) C. 108 A, Section 16. A statement of ownership in an application to a public authority for a license to do business and the issuance of the license in the name of the applicant would seem to be “a public manner” of announcing to the world that one is a partner in that business. By the statute the defendant is liable under such' circumstances, whether or not he had anything to do with the particular sales, and whether or not they followed any other acts or declarations by him. There was no error in the denial of the three requests.
No prejudicial error appearing, the report is to be dismissed.