DANIEL vs. GUY ET AL.

In a suit for freedom, where the leading matter in controversy was, whether the plaintiffs belonged to the white or negro race, and they were introduced for the inspection of the jury, it was not improper for the court to permit them to pull off their shoes and stockings and exhibit their bare feet to the jury, in order that they might observe their formation, it being proven by competent witnesses, and attested by experience, that the formation of the negro foot is peculiar, etc.

Where the plaintiffs in a suit for freedom, are hired out by the sheriff, pending the.

suit, a surety in the bond of the hirer, taken under *section* 8, *ch.* 75, *Gould's Digest*, is not incompetent to serve as a juror on the trial.

As a general rule, it is too late, after verdict, to except to the qualification of a juror.

Where a new trial has been refused by the Circuit Court, this court will not reverse the judgment on the ground that the verdict is against the preponderance of the evidence, it being, as often held, the province of the jury to pass upon the weight of the evidence.

### *Appeal from Drew Circuit Court.*

Hon. J. GOULD, special judge.

YELL, for the appellant.

GARLAND & RANDOLPH, for appellees.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This was a suit for freedom, by Abby Guy and her children, against Wm. Daniel.

The case has been here before. See *Daniel vs. Guy et al.,* 19 *Ark.,* 121, where the facts are fully stated.

On the remanding of the cause to the Ashley Circuit Court, the venire was changed to Drew, on the petition of Daniel, where the issues were submitted to a jury, verdict and judgment of liberation in favor of the plaintiffs, motion for a new trial overruled, and appeal by defendant.

1. During the trial, the plaintiffs were brought into court for inspection, and were permitted to pull off their shoes and stockings, and exhibit their feet to the jury, against the objection of the defendant.

The counsel for Daniel does not question the propriety of introducing the plaintiffs for personal inspection by the jury, but argues, with much warmth of expression, that the court committed a gross error in permitting them to take off their shoes and stockings, and exhibit their bare feet for the observation of the jury.

It is manifest, from the testimony introduced upon the trial, that the leading point of controversy in the cause was, whether the plaintiffs belonged to the white or negro race.

Physicians, whose testimony was introduced, and who professed to be acquainted with physiology, and the distinguishing features of the races, state that the color, hair, feet, nose and form of the scull and bones, furnish means of distinguishing negro blood or descent.

The experience of every intelligent observer of the race, whether in the instances of mixed or unmixed negro blood, will doubtless attest the truth of the testimony of the professional witnesses. No one, who is familiar with the peculiar formation of the *negro foot*, can doubt, but that an inspection of that member would ordinarily afford some indication of the race—though the evidence of race, thus afforded, would, of course, be stronger or weaker, according to the extent of the admixture of the blood.

2. The instructions given by the court below to the jury, at the instance of the plaintiffs, and of its own motion, are substantially in accordance with the principles of law settled by this court when the case was here before.

The instructions asked for the defendant were given, as drafted by his counsel, with but one immaterial alteration by the court.

3. One of the grounds of the motion for a new trial, as stated in the motion, is, that the court permitted James S. Grubbs, a security in the bond executed under *section* 8, *chapter* 75, *of the Digest*, to be a juror on the trial, against the objection of the defendant.

The bill of exceptions states, that when Grubbs was called as a juror, the defendant objected to his being sworn, because he was one of the obligors in the bond for the appearance and hire of the plaintiffs, but the court overruled the objection, and permitted Grubbs to be sworn as a juror.

The bond referred to is not copied in the bill of exceptions, nor does it appear in any part of the record. For the benefit

of the appellant, however, it may be supposed that the bond was taken by the sheriff under the 8*th section of ch. 75, of Gould's Digest*, and conditioned as therein prescribed.

Upon this supposition, it must be assumed that the court had ordered the sheriff to take possession of the plaintiffs, and hire them out during the pendency of the suit; that the sheriff had hired them to some person, and taken his bond, payable to the state, with Grubbs as surety, in some penal sum, conditioned that the hirer would permit the plaintiffs, during the pendency of the suit, to have reasonable liberty of attending their counsel and the court, that they should not be removed out of the jurisdiction of the court; that they should not be subjected to any severity on account of their application for freedom; that the hirer would pay the hire agreed on, to the sheriff, and return the plaintiffs at the expiration of the time for which they were hired, or as soon as the action should be determined.

By our statutes, every petit juror must be a free white male citizen of the state, above the age of twenty-one years, a resident of the county, and not *otherwise disqualified. Gould's Dig. ch.* 98, *sec.* 22. No person can serve as a petit juror who is related to either party to a suit within the fourth degree of consanguinity or affinity. *Ib. sec.* 24. No witness or person summoned as a witness in any civil cause, and no person who has formed and expressed an opinion concerning the matter in controversy in any such suit, which may influence the judgment of such person, can be sworn in the same cause as a juror. *Ib. ch.* 133, *sec.* 101.

By the common law, a person who has any interest in the cause is disqualified to serve as a juror. 3 *Stephen's Com.* 600; 3 *Tuck. Black.* 363; *Davis vs. Allen,* 11 *Pick.,* 467. Mr. *Bouvier* says, one who has the smallest interest in the matter to be tried may be challenged for this cause. 3 *Bouv. Inst.* 331.

It is not perceived that Grubbs had any interest whatever in the suit of the plaintiffs for freedom, or that his liability as a surety in the bond of the hirer was in any way dependent or contingent upon the result of the suit. The hire was payable

in any event. If the plaintiffs succeeded in the suit they were entitled to it; if they failed, the defendant was entitled to the hire. So the hirer was bound to return the plaintiffs to the sheriff at the expiration of the term of the hiring, or the termination of the suit, whether the plaintiffs were successful, or failed in the action—to be liberated by the sheriff in the one case, and to be delivered by him to the defendant in the other. If the hirer had violated any of the other conditions of the bond, the liability of the surety to an action therefor, would not be lessened by the liberation of the plaintiffs; and there was therefore no motive arising from personal interest to induce him to act with partiality as a juror.

4. After the trial was over, the defendant filed the affidavit of Grubbs, stating that he had formed and expressed an opinion in the case from rumor; and that he had stated that he did not think that Daniel could ever get a verdict against the plaintiffs, or something to that effect; but that he had no idea at the time that he would ever be sworn as a juror in the case.

After the court decided that Grubbs was not disqualified to serve as a juror, by reason of his being the surety in the bond above referred to, it does not appear that he was challenged for any other cause, or that he was asked whether he had formed or expressed any opinion about the matter in controversy, or stood indifferent between the parties; nor does it appear that the appellant was not informed until after the trial, that he had formed and expressed an opinion in the case. As a general rule, it is too late, after verdict, to except to the qualification of a juror. *Meyer vs. State*, 19 *Ark.*, 162.

The plaintiffs also filed a counter affidavit of *Grubbs*, in which he stated that any opinion which he may have formed in the case before the trial, was founded entirely on rumor, and was not such an opinion as would have prevented him from finding a verdict according to the evidence.

5. It is submitted for the appellant, that there was a total want of evidence to support the verdict. In this, we cannot concur with the counsel, though it is possible that the jury

found against the preponderance of evidence, through reluctance to sanction the enslaving of persons, who, to all appearance, were of the white race, and, for many years before suit, had acted as free persons and been treated as such.

The remarks made by us upon the evidence, when the case was here before, (19 *Ark.*, *p.* 137,) are in point; and we cannot, without departing from a rule established by numerous cases, award a new trial because of an impression on our part that the verdict may have been contrary to the weight of evidence.

The judgment must be affirmed.

Mr. Justice COMPTON did not sit in this case.

---

HICKS ET AL. VS. WYATT ET AL.

H. & W. were mercantile partners.   H. sold his interest in the firm effects to T., and W. & T., who became partners in a new firm, executed a covenant to H. to pay the debts of the old firm of H. & W., and save him harmless on account thereof.   If they failed to do so, H. had a remedy against them on the covenant of indemnity; but creditors of the firm of H. & W. had no right of action against the new firm of W. & T., in consequence of their covenant to H., for want of privity of contract.

*Appeal from Columbia Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.