PRESCOTT & NORTHERN RAILWAY COMPANY *v.* SMITH.

Opinion delivered December 21, 1901.

1. NEGLIGENCE—MIXED TRAIN—PUSHING CABOOSE IN FRONT.—Under Sand. & H. Dig., § 6195, providing that in forming a passenger train no baggage, merchandise or lumber cars shall be placed in the rear of the passenger cars, a railway company is guilty of negligence in so operating a mixed freight and passenger train that the passenger caboose is placed in front. (Page 181.)

2. CONTRIBUTORY NEGLIGENCE—DANGEROUS POSITION OF PASSENGER.— Whether a passenger was guilty of contributory negligence in being on the platform of a caboose which was being propelled in front of the train at considerable speed on a down grade and approaching a sharp curve in the track is a question for the jury where he was apprehensive of danger, and feared that if he remained in the caboose and an accident happened he would be unable to escape in time to avoid the injury. (Page 182.)

3. NEGLIGENCE—ADMISSION—MISLEADING ARGUMENT.—Where, after deceased was killed while riding on a caboose which was being pushed in front of the train, defendant required its employees to change the manner of operating its train, so that the caboose should be placed in the rear, it was error to permit this fact to be proved to the jury as an admission of negligence; and, though defendant's negligence was otherwise established, it was prejudicial error to permit plaintiff's attorney to argue that this fact alone was sufficient proof to justify a verdict for plaintiff. (Page 182.)

4.    MISLEADING ARGUMENT—WHEN PREJUDICIAL.—The mere fact that a
misleading argument was made by plaintiff's attorney before the
closing argument of defendant's attorney does not justify the
inference that the jury were persuaded to disregard it.   (Page 184.)

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*C. C. Hamby,* for appellant.

It was error to admit evidence tending to show that appellants,
since the occurrence of the accident, placed their engine in front of
their train.   30 Minn. 465; 144 U. S. 202, 208; 11 Colo. 507; 51
Conn. 524; 132 Ill. 53; 45 Ia. 627; 59 Ia. 581; 154 Mass. 168;
86 Mich. 14; 77 Mo. 34; 68 N. Y. 547; 73 N. Y. 471; 108 N. Y.
151; 131 N. Y. 382; 73 Tex. 355; 75 Tex. 155; 76 Wis. 71; 90
Wis. 22; 123 Ind. 15.   It was error to give the fifth instruction
asked by appellee.   5 Otto, 439; 55 Tex. 88; 83 Ill. 589; 14 Allen,
429.   It is negligence *per se* for one to ride on the platform of a car
when there is room inside.   72 Ala. 112; 51 Ill. 495; 99 Pa. St.
492; 20 Ia. 338; 10 Bradw. 311.

*J. O. A. Bush,* for appellee.

The evidence as to the change in the method of running the
trains was competent on cross-examination of an unwilling or
biased witness testifying as an expert as to what was dangerous
in the management of trains.   1 Greenl. Ev. §§ 446, 449; 17
Mich. 100.   The manner of running the train was in violation of
the statute, and was *per se* negligent.   Sand. & H. Dig., § 6195;
52 Ark. 517; 30 L. R. A. 510.   If deceased was at fault in occupy-
ing the platform, that fault was directly traceable to the negli-
gence of the appellant.   64 Am. Dec. 763; 123 Ill. 162; 10 S. W.
486; 10 Am. Law Reg. (N. S.), 615.

RIDDICK, J.   This is an appeal from a judgment for $1,200
recovered by Mrs. Mary Smith against the Prescott & Northwestern
Railway Company as damages for causing the death of her son,
Ed Mechlin.   The defendant company was the owner and operator
of a short-line railroad used mainly to carry logs, but passengers
were also carried.   On the day of the accident a train composed
of nine freight and log cars and a caboose for passengers was

backed along the railway of the defendant company, having the caboose in front and the engine in the rear pushing the train backward. Ed Mechlin, the son of the plaintiff, was a passenger on the train, and while the train was being thus operated the caboose left the track, and Mechlin, who was riding on the platform of the caboose, or was there in the attempt to escape from the caboose, was thrown to the ground and killed.

Our statute provides that "in forming a passenger train no baggage, freight, merchandise or lumber cars shall be placed in the rear of passenger cars, and if they, or any of them, shall be so placed, and any accident shall happen to life or limb, the officer or agent who so directed or knowingly suffered such arrangement, and the conductor or engineer of the train, shall each and all be held guilty of intentional wrong causing the injury, and be punished accordingly." Sand. & H. Dig., § 6195. It is obvious that this statute was not intended to apply only to regular passenger trains, for such trains do not carry freight or lumber cars. It was plainly intended to apply as well to mixed trains carrying both freight and passengers, and it requires that such trains shall be so formed that "baggage, freight, merchandise or lumber cars" shall be placed in front of the passenger cars. The purpose of the statute was to protect passengers from the danger of being carried in cars placed in front of freight, lumber or other cars of that kind. If the defendant company was engaged in carrying passengers on this train for hire, then we think the statute applies, whether the passengers were carried in a caboose or in a regular passenger coach, and notwithstanding that the main business of the train was to carry logs. Now, it was alleged in the complaint that "Mechlin was a passenger on defendant's train going from Prescott to a point in Hempstead county," and this was not denied in the answer. The testimony of defendant itself showed that, while the train was a log train, yet it also carried passengers, and for that purpose had a caboose attached with seats inside for passengers, who under the rules were required to ride in the caboose. We must therefore take it as established, so far as this appeal is concerned, that the defendant company was engaged in carrying passengers for hire on this train, and that Mechlin was a passenger thereon at the time of the accident that caused his death. These facts being established, the statute applies, and it follows as a matter of law that the defendant was guilty of negligence in operating its

train in a manner forbidden by the statute, and we think the facts in evidence were sufficient to support the finding of the jury that it was this negligence which caused the injury to Mechlin.

The defendant contends that Mechlin rode on the platform of the caboose, and was thus guilty of contributory negligence, which precludes a recovery. But the evidence tends to show that Mechlin did not ride on the platform as a matter of free preference. If he was there, the evidence tends to show that it was because the manner in which the train was being operated made it appear to him dangerous to stay in the caboose. It has often been decided that a passenger, placed in imminent peril by the negligence of the company, "may recover, in a proper case, for injuries received in attempting to escape or avoid it, if he exercised ordinary and reasonable care under the circumstances as they reasonably appeared to him at the time, although in acting upon the spur of the moment and under excitement he did not do what was best, or would not have been injured if he had done nothing but remain quiet." 4 Elliott, Railroads, § 1642, and cases cited. Now, at the time Mechlin was on the platform the train was being run backwards at considerable speed on a down grade, and was approaching a sharp curve in the track. Mechlin, a boy 18 years of age, was the only occupant of the caboose. The evidence tends to show that he was apprehensive that the train might be derailed and the caboose crushed by the heavy cars behind, and he feared that if he remained in the caboose, and an accident happened, he would be unable to escape in time to avoid injury. Under these circumstances, we think it was a question for the jury to determine whether or not he was guilty of contributory negligence. When all the instructions on that point were taken together, we think the question was fairly submitted to them, and their verdict should stand unless another ruling of the court, which we will next proceed to notice, calls for a reversal.

The court allowed the plaintiff to show to the jury that, after the accident and death of Mechlin, the company required its employees to change the manner of operating its train; that it required them to put the engine in front, and, when necessary to do so, to run the engine backward in front of the train, instead of backing the whole train with the caboose in front. We are of the opinion that this evidence should not have been admitted. As was said by the supreme court of Minnesota, there is "no legitimate

basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, and the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such act construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement to continued negligence." *Morse* v. *Minneapolis & St. Louis Ry. Co.* 30 Minn. 468.

These reasons have led a majority of the courts to reject such evidence as incompetent, as is shown by the large number of cases to that effect cited by counsel for appellant. The fact that the defendant exercised less or greater care after the accident than it did at that time does not show that it was either guilty or not guilty of negligence at the time of the accident. Its adoption of a particular safeguard at any time, whether an accident had previously occurred or not, could not be deemed an admission that it had been guilty of negligence in not sooner adopting such safeguard. *Menard* v. *Boston & Maine R. R.*, 150 Mass. 386. One who exercises the highest care in the operation of dangerous machinery may find, from experience or otherwise, that additional precautions are required. The law then demands that these precautions be taken, but it is not so unreasonable as to permit the performance of this duty which it imposes to be used as evidence of previous wrong. *Columbia & P. R. R. Co.* v. *Hawthorne*, 144 U. S. 202; *Terra Haute & Ind. Ry. Co.* v. *Clem*, 123 Ind. 15.

But, although we think the court erred in admitting this evidence, we are of the opinion that the evidence itself would have done no harm to the defendant, for it only went to show negligence on its part, which, as we have before stated, was already conclusively shown by other evidence. If there was nothing more than the evidence, we would have little trouble in disposing of the contention of appellant on this point. But the evidence was made the basis of an argument by one of the attorneys for plaintiff, which presents a more serious question. He contended in his argument before the jury that this change in the method of operating the train was not only evidence of negligence, but that it was in effect

an admission of liability for the injury on the part of the company. "That alone," he said, speaking of the change, "is sufficient proof to justify a verdict for plaintiff. If it was not negligence to back the train with the engine in the rear, why did they change after killing the boy? By making the change they confessed their liability." To this language and argument defendant excepted at the time, the court overruled the objections, and defendant excepted. This was an improper argument. It does not follow because the defendant was negligent that it was liable for the injury. It may have been negligent, and yet that negligence may not be the cause of the injury, and it was necessary to show, not only negligence on the part of the defendant, but to go further and show that the injury of Mechlin was the result of the negligence. Even if that was shown, the company may still not be responsible for the injury, for Mechlin himself may have been guilty of contributory negligence. Admitting that the company was negligent, it was still for the jury to determine whether this negligence caused the injury, and, if so, whether the defendant was guilty of contributory negligence. The jury should have determined these questions on proper evidence, and the assertion of counsel that the change in the manner of operating its trains was a "confession of liability" on the part of the company, and that this change alone "was sufficient proof to justify a verdict for plaintiff," was well calculated to mislead the jury, and was prejudicial to defendant. Counsel, we know, are entitled to freely discuss and comment upon legitimate evidence, and we have no desire to curtail such rights or to encourage frivolous exceptions to the rulings of trial judges upon objections made to arguments of counsel. Such rulings must of necessity be made off hand, and are no ground for reversal unless clearly prejudicial. But the argument in question here was based on incompetent evidence, and went much further than such evidence would have warranted, even had it been competent.

We are compelled therefore to hold that the presiding judge erred in overruling the objection. It should have been sustained, and the jury cautioned to disregard the argument. This was not done, and we have no means of knowing what influence this argument had on the verdict of the jury. The mere fact that it was made before the closing argument on the part of the defendant does not justify us in saying that the jury were persuaded to disregard it, and did so. The verdict shows that the jury adopted the

views contended for, not by defendant's attorney, but by counsel for plaintiff. We cannot say that they disregarded a portion of this argument and based their verdict on the legitimate evidence only. If they adopted the view urged by plaintiff's counsel, that the change in the manner of operating the train was a confession of liability, and of itself justified a finding for plaintiff, and based their verdict on that fact only, then they did not pass on the real questions at issue in the case. As we do not know whether they did so or not, and as this uncertainty was brought about by an improper argument of plaintiff's attorney, she must bear the consequences.

Our conclusion is that, for the error in refusing to sustain the objection of defendant's attorney to his argument, the judgment must be reversed, and remanded for a new trial. It is so ordered.