| 79 | 388 |
| 82 | 561 |

### FT. SMITH LIGHT & TRACTION COMPANY *v.* SOARD.

Opinion delivered June 18, 1906.

1. STREET RAILWAY—OBSTRUCTING DRAINAGE—LIABILITY.—Where the city ordinance under which a street railway was constructed required that the company should construct its track with suitable bridges, drains or pipes at all gutters so as to permit the flow of water under the same, and the company obstructed a natural drain, so that more water was forced into a certain stream, and by placing a bent under a bridge lessened the capacity of the stream to carry off water, and permitted the stream to become filled with brush and dirt, it became liable for damages from overflows caused by such obstructions. (Page 391.)

2. SAME—LIABILITY OF ASSIGNEE.—Where the city ordinance under which a street railway was constructed required of the company constructing the road, its successors and assigns, that the roadbed should be constructed and maintained with suitable bridges, drains and pipes to permit the flow of water under and through the same, an assignee of the street railway takes subject to the ordinance, and will be liable to a person injured by its failure to comply therewith. (Page 392.)

3. NEGLIGENCE—EVIDENCE.—Where a street railway company is sued for damages from an overflow caused by its failure to put in a culvert

at a certain place, the fact that it placed a culvert there after the injury to plaintiff happened is not evidence that it was guilty of negligence in not doing so before. (Page 393.)

Appeal from Sebastian Circuit Court, Ft. Smith District; *Styles T. Rowe,* Judge; reversed; affirmed.

### STATEMENT BY THE COURT.

J. F. Soard had a grocery store in the city of Ft. Smith, which was also his residence. The store was located on North Eleventh Street near its intersection with Twelfth Street. North Eleventh Street runs northeast, and plaintiff's store is south of this street. About 200 feet northeast of the store of plaintiff the street crosses a brook or small stream which flows northward. There is a bridge on the street over this stream. Not far from the bridge the street crossed another depression or drain where in time of rain water flowed across the street. Afterwards the Ft. Smith Traction Light & Power Company, by permission of the city, constructed its track along North Eleventh Street. In doing so it raised the bed of the street and left no drains or other openings for the escape of the water, except where the bridge crossed the stream. This bridge was built by the City of Ft. Smith, but when the company obtained permission to construct its line across it, the company put in what the engineer who testified called a bent with posts to support it. This was done to strengthen the bridge. This bent under the bridge obstructed the flow of the water to some extent. The ordinances of the city under which the street car track was constructed required the company, its successors and assigns, to construct and maintain its tracks with "suitable bridges, drains or pipes at all gutters so as to permit the flow of water under the same."

After the track was constructed, the Ft. Smith Traction, Light & Power Company sold its franchise and property to the Ft. Smith Light & Traction Company, and this company continued to operate its track without changing the same. The brook, when it passed under the bridge, became partially filled with dirt, sand and debris deposited by the water, and during a heavy rain which occurred in March, 1904, the opening under the bridge was insufficient to carry all the water, and it was forced back, and entered plaintiff's store, causing him damage to the

extent of $300. He brought this action to recover damages for the injury. The defendant answered, and denied about every material allegation of the complaint.

On the trial there was a verdict and judgment in favor of plaintiff for the sum of $300, and defendant appealed.

*Mechem & Mechem,* for appellant.

1. It was error to permit proof that the defendant put in a culvert in the dump in front of plaintiff's place after the injury complained of. 70 Ark. 183.

2. The case should have been taken from the jury because the dump was built under directions and supervision of the city, or with its sanction and approval; because the bridge was the proximate cause of the injury; and because, conceding that the work as constructed was a nuisance, which caused the injury, the defendant, not having constructed the dump, was not responsible for an injury caused by its existence until it was notified that the dump was a nuisance, and was requested to remove it. Wood, Nuisance, § 838; 64 Pac. 859; 35 Md. 385; 3 N. H. 88; 98 Mass. 39; 27 N. J. L. 457; 75 Mo. 548; 44 Me. 154; 124 Ill. 51; 115 N. Y. 203; 35 Wis. 675; 39 Vt. 558; 64 Fed. 679; 59 Ark. 316 and cases cited.

*A. A. McDonald,* for appellee.

1. Appellant, having used and operated the street railway after its purchase, which is admitted, is liable, the same as if the roadbed had been constructed by it. 66 Ark. 276; 54 Am. Rep. 111; 59 Ark. 316; 24 Atl. 361.

If notice to appellant was necessary, there is sufficient proof thereof appearing in the record; but such notice was not necessary, since appellant used the railway. 59 Ark. 316.

2. Appellant is liable because it assumed such liability in its contract with its predecessor from which it purchased.

3. The contention that the bridge was the proximate cause of the injury is contrary to the evidence.

4. Likewise the contention that the dump was built under the direction and supervision of the city is contrary to the facts. It is in proof that the owner of the street railway was to build the grade to suit himself, so that the bridge remained the same.

that the company passed over it, put in a middle bent and props or posts to support it, and that the bridge was to be repaired and maintained by appellant.

RIDDICK, J., (after stating the facts.)  This is an appeal by the defendant company from a judgment rendered against it in favor of plaintiff for damages for negligently and wrongfully obstructing the natural flow of water and causing it to back up and enter the plaintiff's store.

Counsel for defendant in their argument for reversal say that the track of the street railway owned by it was constructed along a public street, and contend that, if any injury happened through the wrongful construction of the street or bridge, it was the fault of the city, and not the defendant company.  It is true that the company is not responsible for the work done by the city.  But there was evidence tending to show that the company which constructed this street car track was permitted to construct the track along the street on any grade the company chose, though it was not allowed to change the height of the bridge.  In constructing its track across a depression or drain not far from the store of plaintiff, it built up a solid roadbed, on which track was laid higher than the street was before, so that the water that formerly crossed the street at this drain could not afterwards do so.  The company also put in a bent under a bridge over a stream near plaintiff's store, in order to strengthen the bridge, and this, with the supports on which the bent rested, to some extent obstructed the water.  By obstructing a natural drain the company forced more water into the creek that flowed under the bridge, and at the same time by putting a bent under the bridge they lessened the capacity of the creek to carry off the water.  After having completely obstructed a natural drain and partially obstructed the stream at the bridge, the company allowed the creek to become still further filled by brush and dirt.  It declined to remove such obstructions on the ground that it was the duty of the city, and not the company, to keep this creek open.  But the ordinance of the city under which this road was constructed required that the company should construct its tracks with suitable bridges, drains or pipes at all gutters, so as to permit the flow of water under the same.  If the company had done nothing but cross a bridge constructed by the city, there

might be serious question as to its liability. But, as before stated, this is not the case, for it built its roadbed across a depression or drain which crossed the street without putting in a culvert or drain for the water to pass through. It thus forced more water to pass under the bridge where it also partially obstructed the creek by placing a bent under the bridge, with the supports resting in the bed of the creek. Having altered the flow of the water in that way, it became its duty to see that this creek should not become further obstructed, and the contention that the company that constructed this track was guilty of no wrong in this respect can not be sustained.

The defendant company itself did not construct the track, but is the successor of the company that constructed it. Its counsel now contends that, as the defendant did not construct the roadbed or erect the posts and bent under the bridge, it can not be held responsible for the injury, in the absence of notice that the solid roadbed and the bent under the bridge obstructed the water and were nuisances. But this contention does not seem to be sound, for the reason that the ordinance of the city under which the street railway was constructed required of the company constructing the road, its successors and assigns, that the road-bed should be constructed and maintained with suitable bridges, drains and pipes to permit the flow of water under the same. As a general rule, a grantee is not responsible for the erection of an injurious structure by his grantor when he has had no notice thereof, and when there has been no request to remove. But there are exceptions to this rule, and it does not apply in a case of this kind where it became the duty of the grantee to maintain its roadbed and track with sufficient drains and openings to admit the passage of water. As before stated, the city ordinance under which the street railway was constructed required that it should be "constructed and maintained" with sufficient openings for the passage of water. When it purchased this railway and took charge of it, the defendant assumed the burden of complying with this ordinance. It can not escape by saying that it had no notice. It was its duty to exercise ordinary care in examining its road-bed and track, and in seeing that it had the required openings, and that such openings or drains as were already there were not allowed to become filled up and obstructed, so that the water could

not pass through. If it failed to exercise due diligence in this respect, it was guilty of negligence, and must pay the damages caused by such negligence.

But while we think the evidence was sufficient to support the verdict, we are of the opinion that the court erred in permitting the plaintiff to show that the defendant put in a culvert in the dump in front of plaintiff's place after the injury to plaintiff had happened. The fact that the defendant put in this culvert did not legitimately show that it was guilty of negligence in not doing so before. This question was discussed in the case of *Prescott & N. Ry. Co.* v. *Smith*, 70 Ark. 183; *St. Louis S. W. Ry. Co.* v. *Plumlee*, 78 Ark. 147.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.

HILL, C. J., did not participate.