### DURBEN v. MONTGOMERY.

Opinion delivered October 18, 1920.

1. NEW TRIAL—DILIGENCE—DISCRETION OF COURT.—Where objection to a juror is made for the first time after verdict, due diligence must be shown by the objecting party; and it then becomes to some extent a matter of discretion with the trial court as to whether or not the verdict shall be set aside; and when there

is no fraud intended or wrong done or collusion on the part of the successful party, it is not reversible error for the trial court to refuse to set aside the verdict.

2. APPEAL AND ERROR—PRESUMPTION AS TO OVERRULING MOTION FOR NEW TRIAL.—Where, on a motion for new trial on the ground that a juror was related to the prevailing party, the evidence was conflicting as to whether the losing party had made an effort to ascertain on *voir dire* whether the juror was related to either party, it will be presumed that the court, in overruling the motion, determined such issue of fact against the losing party.

3. NEW TRIAL—RELATIONSHIP OF JUROR.—One moving for new trial on the ground of relationship of a juror to the prevailing party must show that he was unaware of such relationship when he accepted him as a juror.

Appeal from Izard Circuit Court; *J. B. Baker,* Judge; affirmed.

*Geo. T. Humphries, Northcutt & Goodwyn* and *Oscar E. Ellis,* for appellants.

The juror, Montgomery, was disqualified by reason of his relationship to appellee and the judgment should be reversed, as the judgment was void. Kirby's Digest, § 4491.

*Elbert Godwin,* for appellee.

If the court below was satisfied, and this court is satisfied that the preponderance of the testimony shows that the jury, either collectively or individually, was not questioned as to the relationship of the juror to the parties before they were qualified and accepted, appellants are estopped by their carelessness or mistake. It is too late to raise the question here. 72 Ark. 590; 24 Cyc. 346; 87 Ark. 5; 65 *Id.* 300; 52 *Id.* 120; 59 *Id.* 132; 40 *Id.* 511; 72 *Id.* 158; 50 L. R. A. (N. S.) 952. See, also, 93 Ark. 301; 35 *Id.* 109; 37 *Id.* 580. Failure to examine a juror on his *voir dire* as to his relationship to parties waives the right to object. 20 Conn. 87; 113 Mass. 297; 118 *Id.* 531; 80 S. C. 38; 4 Tex. App. 223. The objection came too late.

McCULLOCH, C. J. Appellants were defendants below in this action, which was instituted by appellee on

a promissory note executed by appellants. After the verdict was rendered, appellants filed a motion for a new trial solely on the ground that one of the jurors was disqualified by reason of being related to appellee by consanguinity.

It as alleged in the motion that the juror in question had had been asked if he was related to either of the parties, and that said juror failed on such examination to disclose his relationship to appellee. The court heard testimony on the motion for new trial, several witnesses being introduced, and there was a conflict in that testimony as to whether or not either of the parties had examined this juror concerning his relationship. Some of the witnesses—a majority of them—testified that no questions were asked the juror when he was examined on his *voir dire* concerning his relationship to the parties. Two witness testified that their recollection was that a general question was propounded to the jurors whether or not they were related to the parties. The attorney for appellee testified that he examined the jurors but did not ask any member of the jury as to his relationship, and that no such question was asked by the attorney for appellants.

We have stated the rule on this subject to be that "when objection is made to a juror after the verdict for the first time, due diligence must be shown by the objecting party," and that it then "becomes to some extent a matter of discretion with the trial court as to whether or not the verdict shall be set aside; and when there is no fraud intended or wrong done or collusion on the part of the successful party, it is not reversible error for the trial court to refuse to set aside the verdict." *Gershner* v. *Scott-Mayer Com. Co.*, 93 Ark. 301.

The issue of fact heard by the court on the presentation of the motion for new trial must be treated as settled by the finding of the court on conflicting testimony, and we must assume that the court found that appellants made no effort to ascertain on the examination of this and other jurors whether any of them were related to the

parties. Moreover, appellants have not shown that they were unaware of the fact that the juror was related to appellee when they accepted him as a member of the jury. This state of facts brings the case squarely within the rule announced above, and as there was no error in the court's ruling the judgment must be affirmed.