FONES BROTHERS HARDWARE COMPANY *v.* MEARS.

Opinion delivered October 27, 1930.

*Barber & Henry* and *Troy W. Lewis,* for appellant.
*G. P. George* and *Pace & Davis,* for appellee.

KIRBY, J. This suit was brought in the common pleas court of Ashley County and judgment recovered against appellee on a verified open account for goods and merchandise sold and delivered to him. Upon his appeal to the circuit court and trial by jury verdict was returned in favor of appellee, and from the judgment thereon this appeal comes.

After the verdict was rendered appellant immediately filed what it called a motion in arrest of judgment objecting to the rendition of the judgment on the verdict on the ground that one of the jurors, Charley Slocum, was related to appellee. The motion reads as follows:

"Comes the plaintiff and files its motion in arrest of judgment in above-styled cause, and for cause states:

"That the court, while qualifying the regular panel of the jury in this cause upon their *voir dire,* inquired of all the members of the panel if they were related by blood or marriage to either of the parties to this suit by consanguinity or affinity; to which question all answered in the negative with the exception of one Roy Oliver, who replied that he is a third cousin; and the court thereupon ruled that the said juror was qualified, and it was necessary for the plaintiff to strike said juror and thus exercising one of its challenges upon said juror who was so disqualified.

"That, since submitting this case to the jury and the return of its verdict, it has become known to this plaintiff for the first time that one Charley Slocum, a juror who sat in the trial of the cause and participated in the verdict, and who answered the foregoing *voir dire* examination of the court in the negative, is related to defendant, C. G. Mears, in the degree of first cousin, blood relationship, and who is by law disqualified as a juror.

"That by reason of the court qualifying Roy Oliver, it was necessary for plaintiff to exhaust one of its challenges in order to remove said juror from the jury selected to hear the cause.

"That by reason of Charley Slocum misrepresenting his relationship to the defendant, the jury which heard this cause was legally disqualified to render a verdict.

"Wherefore, plaintiff prays an order from this court in arrest of judgment and setting aside the verdict of the jury in favor of the defendant, and that said cause be immediately reset for trial."

The motion was supported by the affidavit of two persons as follows:

"We, W. S. Allen, J. A. Kilcrease, citizens and residents of Ashley County, Arkansas, state on oath that we are well acquainted both with C. G. Mears and his parents, and with Charley Slocum and his parents, and that the father of C. G. Mears and the mother of Charley Slocum are brother and sister.

"This January 21, 1930.

"W. S. Allen,
"J. A. Kilcrease."

The court overruled the motion and exceptions were saved to the ruling, which was made a ground in the motion for a new trial which the court also denied. The motion and affidavit were not included in the bill of exceptions, but were brought into the record by certiorari.

Appellant insists that the court erred in denying its objection to the rendition of judgment or motion in arrest of judgment, on the verdict because of the disqualification of one of the jurors by reason of his being related to appellee within a prohibited degree and in refusing to grant a new trial on that ground. The statute provides:

"No person shall serve as a petit juror who is related to either party to a suit within the fourth degree of consanguinity or affinity  *  *  *." Acts of 1919, p. 400, C. & M. Digest, § 6334.

"No verdict shall be void or voidable because any of the jurymen failed to possess any of the qualifications required in this chapter; nor shall exceptions be taken to any juryman for that cause after he is taken upon the jury and sworn as a juryman." Section 6343, C. & M. Digest.

In *Durben* v. *Montgomery*, 145 Ark. 368, 224 S. W. 729, this court said:

"We have stated the rule on this subject to be that 'when objection is made to a juror after the verdict for the first time, due diligence must be shown by the objecting party,' and that it then 'becomes to some extent a matter of discretion with the trial court as to whether or not the verdict shall be set aside; and when there is no fraud intended or wrong done or collusion on the part of the successful party, it is not reversible error for the trial court to refuse to set aside the verdict.' *Gershner* v. *Scott-Mayer Com. Co.*, 93 Ark. 301, 124 S. W. 772."

In *Mo. Pac. Rd. Co.* v. *Bushey*, 180 Ark. 19, 20 S. W. (2d) 614, this court said: "Under statute as well as the practice in this State, it is too late after the rendition of a verdict to raise the ineligibility of a juror to serve, unless it can be shown by the complaining party that diligence was used to ascertain his disqualifications and prevent his serving as a juror. Citing Crawford & Moses' Digest, § 6343 and cases. In the instant case diligence was not shown. The contention of appellant for reversal of the judgment upon this ground is without merit."

Appellee contends that the record does not show any diligence exercised by appellant to discover the relationship of the juror before the rendition of the verdict, the bill of exceptions not disclosing any questions asked by it of the jurors on *voir dire,* and therefore that no error was committed in overruling the objection to the rendition of the judgment on the verdict and the motion for a new trial on the ground of the relationship of the juror in a prohibited degree to appellee.

It is true that the bill of exceptions does not show any questions asked, either by the court or appellant's counsel, of the jurors to ascertain whether they were related to either of the parties, and does not in fact show that Charley Slocum was a member of the jury returning the verdict, and also the bill of exceptions does not contain the so-called motion in arrest of judgment with the

affidavit disclosing the relationship of the juror to the appellee, the motion and affidavit being brought up by certiorari.

The majority is of the opinion that in the state of the record there was no such showing of due diligence made by the objecting party (the objection being made to the juror after the return of the verdict for the first time) as would require the granting of the motion to refuse to enter judgment on the verdict and refusing to grant the motion for a new trial on the ground of the alleged relationship of the juror to appellee. As heretofore held, it is a matter of discretion of the trial court as to whether the verdict should be set aside when objection is made to a juror after the verdict for the first time, and the majority of the court from the state of the record is not able to say that the court abused its discretion in overruling the motion and refusing to grant a new trial because of the alleged relationship.

The writer dissents from this view which allows a technicality to prevent the setting aside of a verdict rendered by a jury one of the members of which was related to the defendant in a degree prohibited by law, who failed to disclose such relationship, which was necessarily known to him and the defendant at the time of his examination on *voir dire* and selection which amounts to a fraud intended or wrong done and collusion on the part of the successful party in the trial. The objection was made immediately after the fact of the relationship of the juror to appellee, of which appellant was unaware at the time of his acceptance on the jury, was discovered.

The judgment is affirmed.