KEARNS *v.* STEINKAMP.

Opinion delivered January 25, 1932.

*Leo P. McLaughlin* and *Richard M. Ryan,* for appellant.

*Murphy & Wood,* for appellee.

McHANEY, J. Appellant brought this action to recover damages from appellees for the injury and death of her son, Joe Kearns, which occurred on the 13th day of July, 1930, at a swimming pool and resort owned by appellees and known as Ozark Lithia Springs, near Hot Springs, Arkansas. Joe Kearns was a frequent visitor, and had been for some years prior to its purchase by appellees, to the swimming pool at Ozark Lithia Springs, and was well acquainted with said pool and its condition. On the above date, while swimming therein, he dived off the concrete wall, some 14 to 18 inches above the surface of the water, and struck his head on a raft provided by the owner for the amusement of his patrons and safety and convenience of inexperienced swimmers, breaking his neck, from which he died some hours later. Three grounds of negligence were alleged: (1) in not keeping the swimming pool free from obstructions, mak-

ing it a safe place for swimmers; (2) by permitting said wooden raft to be in the pool; and (3) in permitting the raft to become water-soaked causing it to sink below the surface of the water and not plainly visible to bathers in the pool. Appellees denied that they were guilty of any negligence, and stated that the injuries received by Joe Kearns which resulted in his death were caused by his own negligence in diving against said raft because it was plainly visible above the surface of the water and could have been seen by him if he had looked. They also pleaded that deceased assumed the risk. The case was tried on the theory that appellees permitted the raft to become water-soaked which caused it to be submerged below the surface of the water and not easily visible to swimmers in the pool, and that it was a dangerous instrumentality in this condition. The court instructed a verdict for appellee, Sophia Steinkamp, but submitted the liability of William Steinkamp to the jury. There was a verdict and a judgment for him, and the appellant has brought the case to this court for review, charging a number of errors of the trial court for a reversal.

The first argument made is that "the proof in the case preponderated that the Steinkamps were guilty of what we might deem gross negligence in this case. The verdict was wrong." We do not understand that appellant contends there was no substantial evidence on which to base the verdict, but only that it is against the preponderance of the evidence. Even though we might think that the verdict was against the preponderance of the evidence, this would be no cause for this court to reverse the judgment. The rule in this court is that the verdict of the jury will not be disturbed unless there is no substantial evidence to support it. A number of appellant's witnesses testified that the raft had become water-soaked and submerged so that it would not float above the surface of the water, and on the other hand, a similar number of appellees' witnesses testified exactly to the contrary—that the raft floated two or three inches above the surface of the water, was plainly visible, and being

four or five feet wide and ten or twelve feet long, would support several swimmers at the same time without sinking, and the undisputed proof is that when Joe Kearns dived against the raft he fell across one corner of it, and that it supported his body which was paralyzed from the arms down. This made a conflict in the evidence which the jury has settled against appellant, and under the settled rule of this court it must be permitted to stand.

Error is also assigned because the court directed a verdict in favor of Mrs. Steinkamp. The undisputed proof is that Mr. Steinkamp purchased the property and took the deed in their joint names creating an estate by the entirety, but that he was in the entire charge of operating the property, especially the swimming pool, with which she had nothing to do. There was no relation of master and servant or principal and agent subsisting between them, and therefore the doctrine of *respondeat superior* has no application, and the court correctly instructed a verdict in her favor.

Error is also assigned because the court did not excuse certain jurors in forming the petit jury to try the case. It is said that these jurors were incompetent to serve under the provision of act 135 of the Acts of 1931, which became effective June 20, 1931. This act provides in § 1 that no citizen shall be eligible to serve on grand and petit juries oftener than one regular term of the court every two years, and it is said that some of the jurors had served within the past two years. Appellant made no objection to any of these jurors for this or any other reason before the trial of the case, but raised it for the first time in the motion for a new trial. The objection therefore came too late. Litigants will not be permitted to thus speculate on the verdict of the jury. *Durben* v. *Montgomery*, 145 Ark. 368, 224 S. W. 729; *Mo. Pac. Rd. Co.* v. *Bushey*, 180 Ark. 19, 20 S. W. (2d) 614; *Fones Bros. Hdw. Co.* v. *Mears*, 182 Ark. 533, 32 S. W. (2d) 313.

Error is assigned because the court excluded the testimony offered by two witnesses relating to an injury to

the hand of one of them by coming in contact with the raft some time prior to the injury in question. We think the court properly excluded the testimony of these witnesses because it was not shown that the injury was caused by the water-soaked or submerged condition of the raft, and this is the ground the court excluded it on.

It is also argued that the court erred in refusing to permit appellant to prove by two witnesses that the raft was taken out of the pool after the accident and why. This testimony was not relative or material to the inquiry, as the negligence alleged and relied upon was whether appellant was negligent in keeping a water-soaked and submerged raft in the pool. Subsequent precautions taken to prevent a recurrence of an injury cannot be proved to establish negligence in the first place. *Prescott & N. W. Ry. Co.* v. *Smith,* 70 Ark. 179, 67 S. W. 865; *Ft. Smith L. & T. Co.* v. *Soard,* 79 Ark. 388, 96 S. W. 121; *Collison* v. *Curtner,* 141 Ark. 122, 216 S. W. 1059, 8 A. L. R. 760. Also Frank Eveland's testimony was properly admitted, as it was directed to the point in issue, that is the condition of the raft.

A number of objections are made to instructions given and instructions refused, all of which we have examined carefully and do not find them open to the objections made. As to the refusal to give appellant's No. 7, it was properly refused, as it assumed that the raft was water-soaked and submerged—the very question at issue in the case. We think the court fully and fairly instructed the jury on every question at issue, and that the instructions as a whole were correct. It would take too much space in the opinion to set them out and comment on them separately.

The objection made to the language used by one of the attorneys of appellee in his argument to the jury we think is without merit, and could have resulted in no possible prejudice. The language used was: "George Leatherman was out there when this happened. He is an officer of the county. He is human, and his sympathy would have been with the boy who lost his life." This

statement was made in connection with the failure of appellant to produce available witnesses, and we think was proper under the circumstances.

It is finally insisted that the court erred in failing to grant a new trial on account of newly discovered evidence. This newly discovered evidence appears to be cumulative merely, and the court did not err in refusing to grant a new trial on this ground, as it is well settled that the newly discovered evidence must be more than merely cumulative, and that due diligence must be shown in an effort to get the evidence before the trial. We find no error, and the judgment is affirmed.