ARK. STATE HIGHWAY COMM. *v.* KENNEDY.

5-2358                              349 S. W. 2d 133

Opinion delivered September 18, 1961.

*Dowell Anders & Thomas B. Keys,* for appellant.

*Pickens, Pickens & Boyce,* for appellee.

JIM JOHNSON, Associate Justice. This is an action in eminent domain brought by appellant, Arkansas State

Highway Commission against appellees, G. B. Kennedy, et al, for the acquisition of an easement for highway purposes across .427 acres of land owned by appellees. This land was part of a larger tract of 4.5 acres.

Appellant filed a Complaint and Declaration of Taking and deposited $3,950, an estimated just compensation for the property in question. Trial was held in Jackson Circuit Court on April 21, 1960. Nine witnesses testified as to the damages suffered by appellees. The jury returned a verdict in favor of appellees in the amount of $11,154.20.

On May 5, 1960, appellant-plaintiff filed a Motion for New Trial based on the grounds that one of the jurors (O. E. Guinn, Jr.) had been subpoenaed to serve in a prior matter and had failed to disclose this on voire dire and that O. E. Guinn, Jr. was further disqualified to serve on the jury because he was an employee of W. R. Pratt, one of the witnesses as to value, and that there was no substantial evidence to support the verdict of the jury. The trial court overruled appellant's motion for a new trial and this appeal followed.

First, appellant seeks reversal because O. E. Guinn, Jr., a petit juror, was disqualified to serve on the jury.

Appellant bases this argument on the fact that Guinn was subpoenaed in another case in the same term of court and further that Guinn was an employee of the Northeast Arkansas Investment Company whose principal stockholder was W. R. Pratt, a real estate agent of Jackson County, who testified as to the value of appellees' property as taken by the Highway Commission.

The record reflects that Guinn testified "that he had no interest in this lawsuit; that he never had any discussion with any of the witnesses as to the facts and appraisal figures; nor was he subpoenaed in this case."

The record further reflects that appellant's counsel knew, or should have known, who the jurors were since he had the same opportunity of examination of the jury list or examination on voir dire and he had the same

opportunities of examining the list of witnesses subpoenaed for trial in the Circuit Court since he, like other counsel, was furnished with such a list by the clerk of the court. Juror Guinn's testimony indicates he was a competent, unprejudiced and fair juror.

Under our statutes, as well as the practice in this State, it is too late after the rendition of a verdict, to raise the ineligibility of a juror to serve, unless it can be shown by the complaining party that diligence was used to ascertain his disqualification and to prevent his selection as a juror. See: *Missouri Pacific Railroad* v. *Bushey,* 180 Ark. 19, 20 S. W. 2d 614.

Appellant relies on Ark. Stats., § 39-103, which is as follows:

"Witness in cause—Person expressing opinion— Disqualification.—No witness, or person summoned as a witness in any civil cause, and no person who has formed and expressed an opinion concerning the matter in controversy in any such suit, which may influence the judgment of such person, shall be sworn in the same cause as a juror."

However, Ark. Stats., § 39-115, reads as follows:

"Verdict unaffected by juror's lack of disqualification. No verdict shall be void or voidable because any of the jurymen fail to possess any of the qualifications required in this chapter; nor shall exceptions be taken to any juryman for that cause after he is taken before the jury and sworn as a juryman."

This latter statute applies to both criminal and civil cases. See: *Missouri Pacific Railroad* v. *Bushey, supra,* and *Fones Bros. Hardware Co.* v. *Mears,* 182 Ark. 533, 32 S. W. 2d 313. Section 39-103, Ark. Stats., has no application in this particular case for the reason that the juror himself, when examined by the court, showed clearly that he had not formed or expressed an opinion, nor would he have any.

In *Patton* v. *State,* 189 Ark. 133, 70 S. W. 2d 1034, this Court said:

"But if the defendant in a criminal case, or either party to a civil case, wish to raise the question of a juror's eligibility, he must ask the specific question upon the voir dire examination, and, if he does not do so, the right to raise the question is waived, and cannot be raised after the jury has been sworn or a verdict has been returned."

See also: *Daniel* v. *Guy*, 23 Ark. 50; *Brown* v. *St. Louis, Iron Mountain & Southern Railway Co.*, 52 Ark. 120, 12 S. W. 203; *Cureton* v. *State*, 117 Ark. 655, 174 S. W. 810.

Second, appellant complains in points 2 and 3 that the court erred in admitting the testimony of witness Bert Gibson as to the value of the property taken and/or damages as a result of the taking and contends that there is no substantial evidence to uphold the verdict.

Let us first view the following cardinal principles:

"In testing the sufficiency of the evidence to support the verdict we must view it in the light most favorable to appellee." *Malvern and Ouachita River Railroad Co.* v. *Smith*, 181 Ark. 626, 26 S. W. 2d 1107; *City of Harrison* v. *Moss*, 213 Ark. 721, 212 S. W. 2d 334.

"When a verdict is sustained by competent evidence, we do not interfere." *Railway* v. *Combs*, 51 Ark. 324, 11 S. W. 418.

"Where there is any evidence of a substantial nature, which, by positive statement or reasonable inference, when given its strongest probative value, tends to support the finding of the jury, the verdict then will be sustained, although from the record presented to this court, it might seem to be against the preponderance of the credible evidence." *Missouri Pacific Railroad Company* v. *Henderson*, 194 Ark. 884, 110 S. W. 2d 516.

"Jurors are accorded great latitude in considering testimony relative to damage." *Ark. State Highway Commission* v. *Carder*, 228 Ark. 8, 305 S. W. 2d 330; *Arkansas State Highway Commission* v. *Muswick Beverage & Cigar Co.*, 231 Ark. 265, 329 S. W. 2d 173.

To completely abstract here all of the testimony relating to the points under consideration would unduly extend this opinion but let us look briefly at the evidence presented to determine whether or not there was substantial evidence to support the verdict.

There is no dispute about the fact that this strip taken by the Highway Department took off approximately 50 per cent of appellees' place of business. There is no dispute that the taking took sufficient amount of appellees' garden so that it was impossible to cultivate it. There is no dispute that the taking completely ruined the front yard of appellees' home.

The damages estimated by appellees' witnesses ranged from $13,212 to $16,000. Two witnesses who were employed by the Highway Department testified for appellant, one giving his estimate of damages at $3,950, and the other at $3,850. The landowners themselves detailed their property before the taking, including the improvements that were on the property, and based the amount of their damages on their knowledge of the fair market value of similar property in the community.

J. N. Anderson, a lay witness for appellees, stated he had lived in the community 33 years and had been in timber and farming business and had general knowledge of the value of property in that area.

E. M. Fisher, another lay witness for appellees, stated he had lived in the community 25 years, runs a grocery and service station 1/2 mile from the Kennedy property, and testified as to his familiarity with the fair market value of similar properties.

Bert Gibson, another lay witness for appellees and whose testimony appellant contends should have been stricken from the record, according to our view competently testified that he had recently purchased property in the area and knew the value of such property from having made inquiry for his own benefit. See: *Ft. Smith & Van Buren Dist.* v. *Scott*, 103 Ark. 405; 147 S. W. 440; *Housing Authority of Little Rock, Ark.* v. *Winston*, 226 Ark. 1037, 295 S. W. 2d 621.

Joseph Stafford, witness for appellees, stated he had been in the real estate and insurance business for ten years.

Dewey Buffington, witness for appellees, stated he had been in the real estate business five years.

W. R. Pratt, witness for appellees, lives in Newport, has been in the real estate business five years and based his figure on the location of the property and the improvements.

All of the witnesses properly testified as to the value of the property before the taking and the value after the taking. See: *Ark. State Highway Comm.* v. *Fox,* 230 Ark. 287, 322 S. W. 2d 81.

We said in *Arkansas State Highway Comm.* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738: ''Where a witness gives his opinion as to damages, such testimony must be considered in connection with related facts upon which the opinion is based.'' And in *St. Louis, Arkansas and Texas Railroad* v. *Anderson,* 39 Ark. 167, we further said:

''The question whether a witness has sufficient knowledge concerning the value of property to give him a definite opinion on the subject is a matter, to some extent, within the sound discretion of the trial judge, and this Court will not reverse for an alleged error in this respect unless an abuse of such discretion appears.''

Following the principles set out above we find no abuse of discretion, and that there is substantial evidence to support the verdict.

Affirmed.

BOHLINGER, J., not participating.