Jack B. OLIVER et al v. Paul N. HOWARD Co. et al

5-5358                                    460 S. W. 2d 91

Opinion delivered November 16, 1970

*Frances D. Holtzendorff,* for appellants.

*William H. Sutton* and *Phillip Carroll,* for appellees.

Carleton Harris, Chief Justice. Jack Oliver and others, appellants herein, instituted suit against Paul N. Howard Company and Spears Tunnelling Corporation, appellees herein, alleging property damage against appellee's construction companies resulting from dynamite blasting. On trial, the jury returned a verdict for appellees. Subsequent thereto, appellants filed a motion for a new trial, alleging *inter alia,* "That the questions propounded to the jurors testing their qualifications were not answered as required by law, to the detriment of the plaintiffs". The motion was heard by the court and overruled. From the order so entered, appellants bring this appeal. The sole ground for reversal is as stated above, and it is contended that the trial court should have set aside the verdict and granted a new trial.

While the point for reversal is as stated, the contention actually is that Shannon Reed King, a juror who served in the case, did not disclose the fact that he was connected with the building business. King was employed by a supplier of door and building specialties.

The motion was supported by the affidavit of Thomas F. Davis, said affidavit being as follows:

"That I was a spectator in the Third Division Circuit Court on Tuesday, November 25, 1969, at the commencement of the case of Oliver and Hampton v. Paul N. Howard Company and Spears Tunnelling Corporation. Further, that I was not a party, juror, witness, nor court personnel involved in the action, but merely an on-looker.

I was present during the questioning of prospective jurors by the attorneys for the parties and heard Mr. Dale Price ask the jurors if any of them were engineers, or connected in any way with the building trade, or if any had been suppliers of materials to the Paul N. Howard Company, Spears Tunnelling Corporation or Chapman Brothers. I recall only three jurors indicating answers to his questions. One stated that he was an engineer with the Telephone Company, and two others stated that they had done business with the Paul N. Howard Company. No one else held up his hand indicating that he was engaged in or was connected with the building trade."

At the hearing, appellant called Mr. King and Mr. Davis to testify. King testified that, at the time of the trial of the case, he was an employee of the Will B. Erwin Company, being a salesman or an estimator. King said the company was an acoustical ceiling subcontractor, and was a supplier of window units, doors, appliances, and other materials for contractors; that in his position with the company, he did sell to, and make estimates for contractors, architects, and occasionally engineers. King recalled that on *voir dire,* inquiry was made by one of the attorneys as to whether any of the

jury panel were engineers, and he also remembered that the jurors were asked if any did business with Paul N. Howard Company or with Spears Tunnelling Corporation. He said he did not remember that the panel was asked whether any members of the panel were engaged in the building business in any way, and added that if such a question had been asked, he would quickly have responded, stating, "I would have been glad to raise my hand because I needed to work that day a lot worse than I needed to be a juror". He remembered that the panel was told in the beginning that the trial would likely take three days, and he stated "That made me doubly want to be off".

Mr. Davis, the former husband of one of the attorneys for appellants, testified that, finding things dull at the Marion Hotel, he "wandered up to the courthouse to visit". He said that he had knowledge that the case under discussion was set for trial, "but it was a civil case, and it was certainly a secondary thing, I was just idling". The witness stated that he had known Mr. Oliver, one of the appellants, for several years but had not seen him for a number of months until he saw him in the courtroom. Davis' testimony was not quite so definite as his version in the affidavit. In referring to the examination of the panel by one of the attorneys for appellants, Davis said:

"The thing that I recollect was his inquiry about an association in the engineering field. It was my thinking that he was inquiring about who worked as an engineer or related fields to engineering, having to do with construction. Then, there was an inquiry about the relationship of the jurors to these three companies and that was very confusing to a bystander, I had a rough time trying to keep up with it, and I will say frankly that I didn't, there was such an interweaving of names. But, in this thing to the jury, in addressing the jury, there was this inquiry about whether or not the jurors were associated either in businesses of selling to the suppliers, that sort of thing, or as you have described it, are you associated with the building trade

as a supplier to these people that are in the courtroom."

He said that he did not recall any other questions asked by appellant's attorney of the jurors except those mentioned in the affidavit. Of course, we have held that the complaining party must show that diligence was used to ascertain a juror's disqualification, and to prevent his selection as a juror, before he can raise the eligibility of the juror to serve (after the verdict has been rendered). *Arkansas State Highway Comm.* v. *Kennedy*, 233 Ark. 844, 349 S. W. 2d 133. In this connection, it might be mentioned that persons selected for jury service in Pulaski County fill out a "juror questionaire" which is placed in a box and left in the clerk's office for the use of lawyers. King filled out such a questionaire giving *inter alia* his name, age, marital status, occupation, and employer. To this last, King had stated "Salesman and Estimating, Will B. Erwin Co., Inc., Little Rock, Arkansas". A sheet from the yellow pages of the telephone directory was offered in evidence which reflects a 2½" x 5" ad of the Erwin Company advertising "All types of doors and building specialties".

We do not agree that the trial court committed error in refusing to grant a new trial. It is not suggested that Juror King was prejudiced or biased, only that he was "away in mind and spirit" when questions were being propounded, nor is there any showing that the substantial rights of appellants were materially affected by King's presence on the jury. See *Big Rock Stone & Material Co.* v. *Hoffman*, 233 Ark. 342, 344 S. W. 2d 585. In fact, it only appears from the argument that appellants might have exercised a peremptory challenge on King rather than on some other member of the panel. While carrying no weight in the case before us, it is interesting to observe that the jury verdict was unanimous.

As previously mentioned, whether the question at issue was actually asked is in dispute. The applicable rule is stated in *Fones Bros. Hardware Co.* v. *Mears,*

182 Ark. 533, 32 S. W. 2d 313, where this court, quoting an earlier case,[1] said:

"We have stated the rule on this subject to be that 'when objection is made to a juror after the verdict for the first time, due diligence must be shown by the objecting party,' and that it then 'becomes to some extent a matter of discretion with the trial court as to whether or not the verdict shall be set aside; and when there is no fraud intended or wrong done or collusion on the part of the successful party, it is not reversible error for the trial court to refuse to set aside the verdict.' "

Under the facts and circumstances of this case, we have no hesitancy in stating that there was no abuse of discretion.

Affirmed.

---

[1] *Durben* v. *Montgomery*, 145 Ark. 368, 224 S. W. 729.