HOYT BROWN *v.* DIAMOND G. RANCH, INC.
ET AL

5-5498                                    464 S. W. 2d 77

Opinion delivered March 8, 1971

*Garner & Parker,* for appellant.

*Jones, Gilbreath & Jones,* for appellees.

GEORGE ROSE SMITH, Justice. This is an action for personal injuries brought by the appellant, Hoyt Brown, against the three appellees, Diamond G. Ranch, Inc., and its officers or agents, Mr. and Mrs. Austin Gatlin. The plaintiff alleged that he was hurt when his truck

struck a horse which the defendants had negligently allowed to run at large upon the public highway. Upon trial the jury returned a verdict in favor of the defendants.

Brown filed a motion for a new trial, asserting that Raymond Beshears, who served as foreman of the jury, had, on voir dire, wrongfully concealed his involvement in a similar situation in which the claimant had been represented by Brown's attorneys, the firm of Garner & Parker. After a hearing the trial judge denied the motion for a new trial, finding that "Mr. Beshears openly answered the questions propounded to him by the court, and he was not guilty of concealment."

While the jury was being empaneled two of the veniremen, Boone and Beshears, gave affirmative answers to the court's inquiries about the jurors' possible connection with similar incidents. After the court had explained the nature of the lawsuit being tried, the interrogation of the panel proceeded as follows:

The Court: First, let me ask you, have any of you ever owned horses, animals or stock which the law says must be enclosed . . .? Have you owned any stock that has gotten on the highway, and you've either been sued or claim for damages against you?

Ward Boone: I had some cattle get on the highway at one time but it was settled out of court. There was no damages paid either way.

The Court: How long ago was that, Mr. Boone?

Mr. Boone: About twelve years ago.

The Court: Did that happen in this area?

Mr. Boone: Yes, sir, just five miles west of here.

The Court: Were any personal injuries involved?

Mr. Boone: No, sir.

\* \* \*

The Court: Do you feel that the fact that you had this experience, would that tend to influence you one way or another if accepted as a juror in this case?

Mr. Boone: No, sir, I don't think it would.

\* \* \*

The Court: There is another gentleman, Mr. Raymond Beshears.

Mr. Beshears: I had the same experience as Mr. Boone except there wasn't any lawsuit.

The Court: There wasn't any lawsuit. Were there any personal injuries involved?

Mr. Beshears: No, sir.

The Court: How long ago, Mr. Beshears?

Mr. Beshears: A couple of years, I guess. Year and a half.

The Court: Do you feel that this experience would influence you if accepted as a juror in the case?

Mr. Beshears: No, sir.

At the hearing on the motion for a new trial it was shown that in 1967 Douglas Griffin, driving on the highway, ran into a pony owned by Beshears. Griffin's insurance company paid his property damage and turned the subrogation claim over to Garner & Parker. A lawyer who was then associated with the firm wrote to Beshears, asking him to get in touch with the firm about Griffin's claim for $319.15. Beshears turned the letter over to his own insurance company, which eventually settled the claim by the payment of $100. Beshears took no part in the negotiations and had nothing to do with the settlement. Quite the contrary, Beshears's insurer, in making

the settlement, refused to even ask Beshears for a release, because "he might later feel that we had misinformed him in some manner regarding his claim for damages to his animal."

The trial court, as we have said, expressly found that Beshears openly answered the questions on voir dire and was not guilty of concealment. Brown's attorney did not see fit to ask Beshears any additional questions about the earlier incident. There is no showing that Beshears remembered that the letter to him had been signed by Garner & Parker; in fact, Beshears was not called as a witness at the hearing upon the motion for a new trial. It does affirmatively appear that Beshears had no knowledge of the terms of the settlement that was eventually reached between the two insurance companies. Upon the record we find no abuse of discretion on the part of the trial judge in refusing to grant a new trial. *Oliver* v. *Paul N. Howard Co.,* 249 Ark. 427, 460 S. W. 2d 91.

Affirmed.